■ In the Matter of the Estate of MARGARET L. CLAMP, Deceased. JERALDINE RACHOI, Appellant; DOUGLAS CLAMP et al., Respondents. [597 NYS2d 163] —In a proceeding, *inter alia,* to declare the decedent's transfer of certain real property null and void, the petitioner Jeraldine Rachoi appeals from an order of the Surrogate's Court, Nassau County (Radigan, S.), dated March 6, 1991, which granted the motion of the respondents Douglas Clamp, Kathleen Clamp, and Francis S. Furey to dismiss the petition.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the petitioner's contention, we find that the Surrogate correctly determined that the doctrine of res judicata precludes her from relitigating claims that the decedent's conveyance of her house prior to her death should be set aside on the grounds of fraud, duress, or undue influence. As a general rule, the doctrine of res judicata gives " 'binding effect to the judgment of a court of competent jurisdiction and prevents the parties to an action, and those in privity with them, from subsequently relitigating any questions that were necessarily decided therein' " *(Watts v Swiss Bank Corp.,* 27 NY2d 270, 277; *see, Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481). Although privity has been described as "an amorphous term not susceptible to ease of application" *(Gramatan Home Investors Corp. v Lopez, supra,* at 486), privity

exists where the connection between the parties is such that "the interests of the nonparty can be said to have been represented by the prior proceeding" *(Green v Santa Fe Indus., 70 NY2d 244, 253; Israel v Wood Dolson Co., 1 NY2d 116, 118-120).*

At bar, while the petitioner was not a party to a prior action in the Supreme Court, Nassau County, in her capacity as the decedent's administrator, she and the remaining distributees of the estate were all parties to the prior action as individuals, and their competing interests were fully represented in the litigation. Moreover, "[t]here are instances in which a party suing in a representative capacity, but personally benefiting if a recovery is procured in either action, may be barred by an adverse decision in the prior action from instituting the second action" *(Weiner v Greyhound Bus Lines, 55 AD2d 189, 193-194).* Since the petitioner would personally benefit if the relief she seeks is granted in the Surrogate's Court proceeding, she may not circumvent the doctrine of res judicata, "so necessary to conserve judicial resources by discouraging redundant litigation" *(Gramatan Home Investors Corp. v Lopez, supra,* at 485), by relitigating her claims in her representative capacity.

We have examined the petitioner's remaining contentions, and find that they are without merit. Sullivan, J. P., Lawrence, Eiber and Santucci, JJ., concur.