■ HENRY J. TAMILY, Appellant, v GENERAL CONTRACTING CORPORATION et al., Defendants, and RSJ CONSTRUCTION CORPORATION, Respondent. [620 NYS2d 506] —Peters, J. Appeal from an order of the Supreme Court (Brown, J.), entered November 5, 1993 in Saratoga County, which, *inter alia,* granted defendant RSJ Construction Corporation's cross motion for summary judgment.

Property located in the City of Saratoga Springs, Saratoga County, was to be developed into a project known as "The Springs Townhouses". The property was held by Springs Associates and funding was arranged with a bank through statutory trust funds. Defendant General Contracting Corporation (hereinafter GCC) contracted with defendant RSJ Construction Corporation (hereinafter RSJ) for improvements. When RSJ was not paid for its work, an action was commenced on behalf of itself and all of the beneficiaries of the statutory trust fund. After discovering that GCC diverted statutory trust funds to buy other real property known as the Brown Road property, RSJ commenced a second action against, *inter alia,* GCC, defendant Brown Road, Inc., to whom GCC had transferred the Brown Road property, and plaintiff. The two actions were consolidated.

GCC acquired title to the Brown Road property from Robert Boggiano and Maria Boggiano, who took back a purchase money mortgage which was later assigned to plaintiff. Several weeks after the assignment, GCC delivered a second mortgage to plaintiff to secure loans advanced to GCC. GCC thereafter conveyed the Brown Road property to Brown Road, Inc., subject to the first and second mortgage, and thereafter Brown Road, Inc. executed a third mortgage to Sydell Zippern. On the same day, Brown Road, Inc. executed a fourth mortgage to plaintiff.

In the consolidated action, RSJ moved for summary judgment. The defense contended that GCC's principals were the principals of another entity, First Venture, which had invested in property in Lake George which was sold at a profit. The proceeds were then placed into GCC in trust for the benefit of First Venture's principals solely as an accommodation. Acting as a trustee, GCC thereafter acquired the Brown Road property from the Boggianos with First Venture's proceeds, which was later transferred to Brown Road, Inc. as a newly formed corporation. In granting RSJ's motion for summary judgment, Supreme Court found as follows: "The motion's opponents have not submitted for the Court's inspection copies of the First Venture deeds to the Lake George property to and from that entity, or any trust agreement between First Venture and [GCC]. Instead of indicating the existence of a trust, the deed to Brown Road, Inc. was solely in the name of [GCC]. In fact, none of the documents normally essential to the transactions described by [GCC], [plaintiff], etc. have been supplied to the Court * * * only affidavits containing narrative accounts of what happened. When documents must be produced as proof, mere affidavits will not suffice."

Pursuant to an order dated February 20, 1991, the transfer of the Brown Road property from GCC to Brown Road, Inc. was set aside as a diversion of trust funds and all mortgages made on the property to the named defendants in the consolidated action of GCC after the sale of the property to GCC by the Boggianos were canceled. Supreme Court further ordered, *inter alia,* that the Brown Road property be sold under the direction of a Referee. Although plaintiff was a named defendant in such consolidated action, Zippern was neither named as a party nor served with process.

On April 2, 1993, Zippern assigned her mortgage to plaintiff. As Zippern's assignee, plaintiff moved by order to show cause to restrain the enforcement of the aforementioned order on the ground that Zippern's due process rights were violated. RSJ cross-moved for summary judgment to have the Zippern mortgage declared void and the second mortgage held by plaintiff declared void since it was not specifically referenced in the aforementioned order. Plaintiff cross-moved for summary judgment and foreclosure due to nonpayment on the Zippern mortgage and RSJ moved to dismiss. Supreme Court granted RSJ's cross motion for summary judgment voiding

both the Zippern mortgage and the second mortgage to plaintiff. Plaintiff appeals.*

It is uncontested and acknowledged by Supreme Court that because Zippern was not a party to the earlier consolidated action, her due process rights were not protected and, consequently, her mortgage was not affected by that prior judgment *(see, Louisville Bank v Radford,* 295 US 555). Moreover, the court acknowledged that plaintiff, as Zippern's assignee, became vested with every right that would be afforded to the assignor *(see, Meeder v Provident Sav. Life Assur. Socy.,* 171 NY 432, 436; *Matter of Thompson,* 36 Misc 2d 638; *Acetate Box Corp. v Johnsen,* 193 Misc 54). Hence, Supreme Court correctly determined that had Zippern brought this action on her own, such action would have been meritorious and, without more, plaintiff's "position as assignee would be unassailable". The court found, however, that due to the role assumed by plaintiff in the prior consolidated action, his right to defend through assignment was barred by the doctrines of res judicata and/or collateral estoppel. We disagree.

The doctrine of res judicata gives " 'binding effect to the judgment of a court of competent jurisdiction and prevents the parties to an action, and those in privity with them, from subsequently relitigating any questions that were necessarily decided therein' " *(Watts v Swiss Bank Corp.,* 27 NY2d 270, 277, quoting *Matter of Shea,* 309 NY 605, 616; *see, Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481). To establish privity, "the connection between the parties must be such that the interests of the nonparty can be said to have been represented in the prior proceeding" *(Green v Santa Fe Indus.,* 70 NY2d 244, 253). Privity has also been found where a person so controlled the conduct of the prior litigation in which they were interested such that the result is res judicata against them *(supra,* at 254; *see also, Watts v Swiss Bank Corp., supra).* In the instant case, privity cannot be established since the relationship between plaintiff and Zippern did not arise until after the conclusion of the prior litigation and, therefore, at the time of plaintiff's appearance therein, he did not

---

* Although plaintiff's notice of appeal seeks to set aside the decision rendered by Supreme Court with respect to both the mortgage assigned by Zippern to plaintiff and the mortgage given by GCC to plaintiff, plaintiff notes in both the preargument statement and in the briefs submitted that he is specifically addressing that portion of the order which granted RSJ's motion declaring void the mortgage assigned by Zippern to plaintiff. Accordingly, we find that any contention regarding the invalidity of the second mortgage has been abandoned.

represent the interest of Zippern. Moreover, there are no allegations that Zippern so involved herself with the litigation that the result may now be res judicata. Accordingly, because Zippern was not named or served and did not appear in the prior action, and because privity cannot be found between plaintiff and Zippern, the doctrine of res judicata is wholly inapplicable to the instant case.

Collateral estoppel, as a corollary to the doctrine of res judicata, is similarly inapplicable. Collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" *(Ryan v New York Tel. Co.,* 62 NY2d 494, 500). To invoke this principle, it must be shown that the critical issue in the instant action was necessarily decided in the prior action and that the party against whom collateral estoppel is sought had been afforded a full and fair opportunity to contest that issue *(see, supra,* at 500-501). "As the consequences of a determination that a party is collaterally estopped from litigating a particular issue are great, strict requirements for application of the doctrine must be satisfied to insure that a party not be precluded from obtaining at least one full hearing on his or her claim" *(Gramatan Home Investors Corp. v Lopez, supra,* at 485).

For all of the reasons noted above, plaintiff and Zippern were not in privity and Zippern was never afforded the opportunity to appear and contest Supreme Court's decision in the consolidated action. As Justice White said in *Blonder-Tonque v University Found.* (402 US 313): "Some litigants— those who never appeared in a prior action—may not be collaterally estopped without litigating the issue. They have never had a chance to present their evidence and arguments on the claim. Due process prohibits estopping them despite one or more existing adjudications of the identical issue which stand squarely against their position" *(supra,* at 329).

Here, defendants in the prior action failed to submit sufficient proof to defeat the motion for summary judgment. Hence, in this action, plaintiff, as Zippern's assignee, must be provided with a full and fair opportunity to litigate the specific issues pertaining to the viability of that mortgage.

Accordingly, we find that Supreme Court improperly applied the doctrines of collateral estoppel and res judicata and therefore reverse that portion of the order which granted RSJ's cross motion for summary judgment.

Cardona, P. J., White and Casey, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as granted defendant RSJ Construction Corporation's cross motion for summary judgment declaring void the mortgage given by defendant Brown Road, Inc. to Sydell Zippern; cross motion denied to that extent; and, as so modified, affirmed.