■ WEINSTEIN ENTERPRISES, INC., Appellant, v RICHARD MORINI et al., Respondents. [629 NYS2d 478] —In an action, *inter alia,* for ejectment, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (O'Brien, J.), dated April 7, 1993, which, *inter alia,* granted the defendants' motion for summary judgment dismissing its complaint, and (2) an order and judgment (one paper) of the same court, entered October 19, 1993, which, *inter alia,*upon granting the defendants' motion for summary judgment, dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the order and judgment is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on appeal from the order and judgment *(see,* CPLR 5501 [a] [1]).

Contrary to the plaintiff's contention, we find that the court correctly determined that the doctrine of collateral estoppel precludes it from relitigating its claim of title to the land from which it seeks to exclude the defendants. Collateral estoppel, a corollary to the doctrine of res judicata, "precludes a party from relitigating in a subsequent action or proceeding an issue

clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" *(Ryan v New York Tel. Co.,* 62 NY2d 494, 500; *Tamily v General Contr. Corp.,* 210 AD2d 564). A party invoking the doctrine of collateral estoppel must show that the critical issue in the instant action was necessarily decided in the prior action and that the party against whom estoppel is sought has been afforded a full and fair opportunity to contest that issue *(see, Ryan v New York Tel. Co., supra,* at 500-501; *Tamily v General Contr. Corp., supra,* at 509).

Here, as the court correctly noted, the plaintiff's cause of action against the defendants "presupposes a claim to the land from which it seeks to exclude [them]". Since this issue was decided against the plaintiff in *Weinstein Enters. v Cappelletti* (217 AD2d 616 [decided herewith]), the court properly granted summary judgment in the defendants' favor on the ground of collateral estoppel *(see, Matter of Clamp,* 193 AD2d 601, 602). We further agree with the trial court that the plaintiff's motion for leave to serve an amended complaint adding three causes of action based on its purported ownership of the disputed property is rendered academic by this determination. Rosenblatt, J. P., Ritter, Joy and Krausman, JJ., concur.