■ HENRY J. TAMILY, Appellant, v GENERAL CONTRACTING CORPORATION et al., Defendants, and RSJ CONSTRUCTION CORPORATION, Respondent. [651 NYS2d 221] —Peters, J. Appeal from an order of the Supreme Court (Keniry, J.), entered April 8, 1996 in Saratoga County, which, *inter alia*, partially denied plaintiff's motion for summary judgment.

The procedural and factual history of this case are more fully set forth in our prior decision in *Tamily v General Contr. Corp.* (210 AD2d 564). At issue in *Tamily* was the validity of certain mortgages, only one of which is pertinent herein. That mortgage was initially executed in favor of Sydell Zippern, who in turn assigned it to plaintiff (hereinafter the Zippern mortgage). In an earlier related action, Supreme Court set aside all the mortgages to the named defendants in that action (hereinafter the February 20, 1991 order). Although plaintiff had been a defendant in that action in relation to one of the other mortgages, Zippern had not been named or appeared to defend the Zippern mortgage. In *Tamily*, plaintiff sought to set

aside the February 20, 1991 order in its entirety based on the fact that Zippern was never a defendant in the prior action. Supreme Court, in an order entered November 5, 1993 (hereinafter the November 5, 1993 order), ruled against plaintiff and voided the Zippern mortgage because plaintiff had in fact appeared as a defendant in the prior action albeit in a different capacity. On appeal, we modified, concluding that because plaintiff and Zippern were not in privity and because Zippern had not been afforded the opportunity to appear in the prior action, plaintiff, as assignee, had to be afforded the chance to litigate the viability of the Zippern mortgage (*supra*).

Plaintiff now contends that as a result of this Court's order in *Tamily (supra)*, Supreme Court's February 20, 1991 order must be set aside in its entirety except as to its award of a money judgment against the defendants in the prior action. He framed this contention in the form of a summary judgment motion which Supreme Court denied except to the extent of specifically declaring that the February 20, 1991 order had no effect on the Zippern mortgage. We agree with the court's conclusions and therefore reject the arguments raised by plaintiff on this appeal.

Contrary to plaintiff's argument, the February 20, 1991 order has not adversely affected his property rights with respect to the Zippern mortgage (*see*, US Const 14th Amend; NY Const, art I, § 6). That decision dealt only with the other mortgages and never addressed itself to the Zippern mortgage. In addition, our decision in *Tamily (supra)* does not, as plaintiff contends, mandate that the February 20, 1991 order be vacated. We modified only one portion of the November 5, 1993 order and left intact Supreme Court's refusal to vacate the February 20, 1991 order. The result of our decision is that the Zippern mortgage continues, at this point, to be an existing mortgage. The validity of that mortgage is an issue that plaintiff has now been given the opportunity to litigate. We also note that, in our view, given our limited modification and refusal in *Tamily* to vacate the February 20, 1991 order, plaintiff is now barred under the doctrine of the law of the case from relitigating the issue (*see, Woodruff v Castaldo*, 139 AD2d 913).

Mikoll, J. P., Crew III, White and Casey, JJ., concur. Ordered that the order is affirmed, with costs.