■ HENRY J. TAMILY, Appellant, v GENERAL CONTRACTING CORPORATION et al., Defendants, and RSJ CONSTRUCTION CORPORATION, Respondent. (Action No. 1.) HENRY J. TAMILY, Respondent, v GENERAL CONTRACTING CORPORATION et al., Defendants, and RSJ CONSTRUCTION CORPORATION, Appellant. (Action No. 2.) [705 NYS2d 109] —Peters, J. Appeals (1) from a judgment of the Supreme Court (Keniry, J.), entered March 10, 1999 in Saratoga County, upon a decision of the court in favor of defendant RSJ Construction Corporation in action No. 1, and (2) from a judgment of said court, entered April 23, 1999 in Saratoga County, upon a decision of the court in favor of plaintiff in action No. 2.

Property located in the City of Saratoga Springs, Saratoga County, was to be developed into a project known as "The Springs Townhouses" (hereinafter the Springs). Title to the property was held by Springs Associates and funding was arranged with a bank through statutory trust funds. In 1985, an entity called First Venture purchased land and Sydell Zippern, wife of one of the investors, allegedly loaned money to First Venture. At such time, the principals of First Venture were developing the Springs. Defendant General Contracting Corporation (hereinafter GCC), owned by two members of Springs Associates, contracted with defendant RSJ Construction Corporation for improvements.

In 1986, First Venture sold the land it purchased and although it realized a $175,000 profit, it failed to repay Zippern's loan. In July 1986, GCC acquired title to property known as the Brown Road property from Robert Boggiano and Maria Boggiano who took back a purchase money mortgage. Weeks after, GCC delivered a second mortgage on the Brown Road property to plaintiff to secure loans that plaintiff advanced to GCC. In June 1988, GCC sold a portion of the Brown Road property for $240,000 and paid $71,000 to the Boggianos and $169,000 to plaintiff.

When RSJ was not paid for its work, an action was commenced on behalf of itself and the beneficiaries of the statutory trust funds. Upon its belief that GCC diverted statutory trust funds to buy the Brown Road property, RSJ commenced a second action against, *inter alia,* GCC, Brown Road, Inc. (hereinafter BRI), to whom GCC had transferred the Brown Road property, and plaintiff. BRI executed a third mortgage on the Brown Road property to Zippern as security for her unpaid loan to First Venture. On the same day, BRI executed a fourth mortgage to plaintiff, along with 100 shares of BRI stock—the only stock BRI presumably issued. In April 1989, after the Boggianos had commenced an action to foreclose on their mortgage, plaintiff agreed to make payments to the Boggianos which were, in fact, made between 1989 and April 1990.

Pursuant to an order dated February 20, 1991, the transfer of the Brown Road property from GCC to BRI was set aside as a diversion of trust funds and all mortgages made on the property to the named defendants in the consolidated action of GCC after sale of the property to GCC by the Boggianos were canceled (*see,* 210 AD2d 564, 565). On April 2, 1993, Zippern assigned her mortgage to plaintiff.[1]

Plaintiff commenced these actions in the role of assignee to foreclose both the Boggiano purchase money mortgage (action No. 2) as well as the Zippern mortgage (action No. 1).[2] They were tried together in August 1997 without a jury. RSJ contested their enforceability and asserted in action No. 2 that the Boggiano mortgage should not be foreclosed since the loan

---

1. Upon appeal to this Court, we reversed that portion of the order which granted RSJ's cross motion for summary judgment which declared void the mortgage given by BRI to Zippern and, as so modified, affirmed. Our reasoning was that Zippern had not been given the opportunity to appear or defend the mortgage in that action (*see,* 210 AD2d 564, *supra*) and that the validity of that mortgage remained a viable issue (*see, Tamily v General Contr. Corp.,* 234 AD2d 774).

2. Plaintiff also sought to restrain the enforcement of the earlier order voiding the Zippern mortgage.

was a diversion of lien law trust funds which arose out of the June 1988 sale of a portion of the Brown Road property.

By decision dated March 31, 1998, Supreme Court found that the Boggiano mortgage was viable and that plaintiff was entitled to a judgment of foreclosure. With respect to the Zippern mortgage, the court found that it was void and unenforceable, entitling RSJ to judgment against plaintiff on the counterclaim.[3] Plaintiff appeals in action No. 1 and RSJ appeals in action No. 2.

We begin our review with an outright rejection of any contention that there exists insufficient proof to establish a statutory trust pursuant to Lien Law article 3-A. Plaintiff clearly asked Supreme Court to take judicial notice of the February 20, 1991 order of Justice Loren Brown where the transfer of the Brown Road property from GCC to BRI was set aside as a diversion of trust funds, with all mortgages made after its sale to GCC by the Boggianos canceled.

As to the affidavit of Bernard Zippern, admitted as an informal judicial admission, we find error. "An informal judicial admission is a declaration made by a party in the course of any judicial proceeding (whether in the same or another case) inconsistent with the position * * * now assume[d]" (Fisch, NY Evidence § 803, at 475 [2d ed]). In addition to being a declaration of a party, an informal judicial admission may be found to be a declaration of a "representative or predecessor in interest of a party" (Prince, Richardson on Evidence § 8-201, at 510 [Farrell 11th ed]; see, Matter of Union Indem. Ins. Co., 89 NY2d 94, 103). Fully recognizing, as did Supreme Court, that Bernard Zippern was not only a partner in both First Venture and Springs Associates but also their accountant, his affidavit served to explain the circumstances under which loans were made to GCC, how mortgages and moneys were received with respect to the Brown Road property and the circumstances under which a loan was made to First Venture by Sydell Zippern, justifying the mortgage given to her thereafter by BRI.

---

**3.** Plaintiff was directed to submit a proposed judgment of foreclosure and sale in action No. 2 and RSJ was directed to prepare a proposed judgment in action No. 1 dismissing the complaint and granting judgment in its favor on the counterclaim. The proposed judgment prepared and entered by RSJ correctly reflected Supreme Court's decision in action No. 2, but it had the index number for action No. 1. Plaintiff appealed from the judgment contending that the judgment prepared by RSJ was entered in the wrong action and must be vacated because RSJ only filed a counterclaim in action No. 2. While the appeal was pending, Supreme Court granted RSJ's motion to correct the judgment nunc pro tunc. We then found the appeal to be moot (262 AD2d 859).

However, we cannot conclude that the affidavit was made in his expert capacity, in the prior action at their direction or knowledge, or pursuant to a confidential or fiduciary relationship since Bernard Zippern was, at all relevant times, a codefendant in the prior action (*cf., Matter of Union Indem. Ins. Co., supra; Matter of Home of Histadruth Ivrith v State of N. Y. Facilities Dev. Corp.*, 114 AD2d 200).

We find no merit, however, to the contention that there was error in the admission of an uncertified affidavit authored by plaintiff which had been submitted in a prior related action. Since plaintiff never objected to a failure to have it properly authenticated, instead objecting on hearsay grounds, the present contention of error based upon a lack of certification is unpreserved (*see, People v Qualls*, 55 NY2d 733, 734; Fisch, NY Evidence § 103, at 63 [2d ed]).

Without the testimony of Bernard Zippern and upon our exclusion of his affidavit, we must next determine whether we agree that plaintiff failed to prove the existence of a valid antecedent debt owed by either GCC or BRI to Sydell Zippern to support the mortgage which he now holds. Reviewing the remaining evidence, which included the mortgage documents and the testimony of James Murphy, president of GCC, we do not find an antecedent debt.

With respect to RSJ's counterclaim alleging plaintiff's receipt of lien law trust funds, we find that plaintiff acknowledged in his prior affidavit the receipt of $169,000 of the proceeds received by GCC in June 1988 from the sale of the Brown Road property. It having been already determined that such moneys were assets of the statutory trust created under Lien Law article 3-A, we find the proceeds to have been wrongly diverted to plaintiff (*see*, Lien Law § 72). In so finding, we note that plaintiff failed to produce any documents or testimony to justify his receipt of such money.

Finally, we find no merit to RSJ's contention that by the time of Boggianos' assignment of the mortgage to plaintiff, the debt was extinguished. Documentary evidence in this record demonstrates that plaintiff paid off the balance owed by GCC to the Boggianos and received, in exchange, their right to foreclose on the outstanding mortgage. GCC's conveyance of the property to BRI without reference to whether it assumed the mortgage at such time of the conveyance, coupled with conflicting proof of plaintiff's ownership interest in BRI, is insufficient to reverse the determination of Supreme Court (*see, Jump v Jump*, 268 AD2d 709).

Accordingly, we affirm both judgments of Supreme Court.

Cardona, P. J., Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgments are affirmed, without costs.