■ In the Matter of ERYCK N. and Others, Children Alleged to be Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; HEATHER N., Appellant. [791 NYS2d 857]—

Peters, J. Appeals (1) from an order of the Family Court of Tompkins County (Sherman, J.), entered September 29, 2003, which dismissed respondent's application, in a proceeding pursuant to Family Ct Act article 10, for the return of her children, and (2) from an order of said court, entered November 26, 2003, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's children to be neglected.

Respondent is the mother of five children, all born between 1997 and 2003. Respondent's husband, Matthew, is the father of all of the children except the oldest. In July 2003, respondent was physically assaulted by Matthew in front of the children; he had physically abused her on three prior occasions. Respondent had him arrested, secured an order of protection in favor of herself and the children, and ultimately left the marital residence with them to reside in a shelter for victims of domestic violence. A few days later, she left the shelter with the children to facilitate visitation between her husband and the children due to a modification of the order of protection. When sheriff's deputies observed Matthew near the marital residence on the following day, they notified petitioner. The children were removed and placed with the maternal grandmother.

Pursuant to Family Ct Act article 10, petitioner commenced this proceeding to have the children adjudicated neglected and placed in its custody. Family Court issued a temporary order of placement and, after a two-day hearing, denied respondent's application for their return. Testimony adduced at such hearing revealed that the basis for the removal was the extensive domestic violence which occurred in the presence of the children and, although respondent had removed herself and the children and obtained court-ordered protection, she abandoned that safety plan and returned to the marital residence; a dearth of testimony described the effect that this domestic violence had upon the children. Based upon the nonhearsay portion of the evidence received at the removal hearing, petitioner made a motion for summary judgment on the neglect petition. Family Court granted that motion, attending to the applicable evidentiary standards (see Family Ct Act §§ 1028, 1046). Focusing on the history of serious domestic violence committed in the presence of the children and respondent's reaction thereto, Family Court found the children to be neglected pursuant to Family Ct Act § 1012 (f) (i). A dispositional hearing resulted in an order

placing the children in petitioner's care.* Respondent appeals from both the order denying her application for the return of her children and from the final order adjudicating the children to be neglected.

Respondent raised the issue that the proof offered at the removal hearing was insufficient to show that the return of the children presented an imminent risk to their life or health (*see* Family Ct Act § 1028 [a]). While we agree that this issue is moot because that order had expired upon the issuance of the final dispositional order (*see Matter of Nora M.*, 300 AD2d 922, 923 [2002]; *Matter of Joseph DD.*, 300 AD2d 760, 765 [2002], *lv denied* 100 NY2d 504 [2003]), respondent's appeal from each and every part of the final order of neglect permits us to review the entire record since that adjudication was predicated upon evidence adduced at the removal hearing (*see* CPLR 5501 [a]). While this appeal was pending, the Court of Appeals rendered the landmark decision *Nicholson v Scoppetta* (3 NY3d 357 [2004]). Based upon the standards enunciated therein regarding a finding of neglect premised upon the children's exposure to domestic violence (*see id.* at 368-372), we reverse the award of summary judgment and remit this matter to Family Court for a fact-finding hearing.

Mercure, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the appeal from the order entered September 29, 2003 is dismissed, as moot, without costs. Ordered that the order entered November 26, 2003, is reversed, on the law, without costs, matter remitted to the Family Court of Tompkins County for further proceedings not inconsistent with this Court's decision, and pending a further order by Family Court, all prior orders regarding the custody or guardianship of these children shall remain in full force and effect.

---

* There have been numerous interim orders extending that placement.