■ In the Matter of NATASHA RR., a Child Alleged to be Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WAYNE RR., Appellant, et al., Respondent. [811 NYS2d 463]—

Lahtinen, J. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered April 23, 2004, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondents' child to be neglected.

Respondent Wayne RR. (hereinafter respondent) is the father of a daughter born in March 2002. In August 2003, a hotline report that respondent was driving an automobile in his driveway with the child sitting between his legs resulted in an investigation during which he reportedly acknowledged having the child on his lap without a seatbelt while operating a car in the driveway of the apartment complex where he resided. Petitioner brought this neglect proceeding against respondent and the child's mother. The allegations against respondent included the car incident and the fact that a Massachusetts court had determined in 1997 that, at that time, respondent did not have the ability to assume parental responsibilities. Following a brief hearing, Family Court found both respondent and the child's mother had neglected the child. The court concluded that the 1997 Massachusetts decree provided a sufficient basis

to sustain a finding of respondent's neglect. Family Court stated that it did not need to address the car incident, but added that such incident, together with the Massachusetts decree, established neglect. The child was placed in petitioner's custody. Respondent appeals.

"To establish neglect, petitioner must establish by a preponderance of the evidence that parental misconduct caused harm or potential harm to the child" (*Matter of Victoria CC.*, 256 AD2d 931, 932 [1998] [citation omitted]). A finding of derivative neglect based upon conduct by a respondent toward another child may be made where the "conduct demonstrates such a flawed understanding of parental duty to protect children from harm so as to create a substantial risk of harm for any child in his or her care" (*Matter of Melissa L.*, 276 AD2d 856, 857 [2000], *lv denied* 96 NY2d 702 [2001]; *see Matter of Brent HH.*, 309 AD2d 1016, 1018 [2003], *lv denied* 1 NY3d 506 [2004]; *see also Matter of Marino S.*, 100 NY2d 361, 374 [2003], *cert denied sub nom. Marino S. v Angel Guardian Children & Family Servs., Inc.*, 540 US 1059 [2003]). "[A] derivative finding . . . may be justified if the prior finding was proximate in time to the derivative proceeding such that it can be reasonably concluded that the conditions still exist" (*Matter of Hunter YY.*, 18 AD3d 899, 900 [2005]; *see Matter of Hannah UU.*, 300 AD2d 942, 944 [2002], *lv denied* 99 NY2d 509 [2003]).

Here, petitioner submitted as evidence a 1997 Massachusetts decree in which that court dispensed with parental consent for an adoption of one of respondent's children stating that respondent had executed a surrender of parental rights and adding that he lacked "the current ability, capacity, fitness and readiness to assume parental responsibility for said child." The record of the fact-finding hearing fails to set forth any specific information regarding the basis for the finding of the Massachusetts court six years earlier. Given the remoteness in time, the conclusory nature of the finding in the prior decree, the fact that the decree was limited by its own terms to respondent's "current" abilities and the absence at the fact-finding hearing of competent evidence regarding the factual basis for the Massachusetts decree, we conclude that the 1997 Massachusetts decree did not constitute sufficient proof to establish neglect. Nor was the evidence regarding the car incident—considered either alone or in conjunction with the Massachusetts decree—adequate to meet petitioner's burden (*see generally Matter of Ronnie XX.*, 273 AD2d 491, 493-494 [2000]).

The remaining arguments are academic.

Crew III, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as determined that respondent Wayne RR. neglected the child; petition dismissed as to said respondent; and, as so modified, affirmed.