In the Matter of HENRY W., a Child Alleged to be Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; APRIL X., Appellant. [815 NYS2d 797]—

Lahtinen, J. Appeals from three orders of the Family Court of Columbia County (Czajka, J.), entered August 16, 2004, January 5, 2005 and February 24, 2005, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's child to be neglected.

Respondent is the mother of Henry W. (born in 2004), who was removed from respondent's care the day after his birth pursuant to a temporary removal order issued by Family Court. Respondent, who had been diagnosed with schizophrenia, paranoid type, had previously had her parental rights involuntarily terminated for two other children, Michael (born in 2000, parental rights terminated two years later based upon respondent's mental illness) and Donovan (born in 2001, parental rights terminated one year later based upon respondent's abandonment of the child). Petitioner filed a neglect petition, asserting the prior terminations, respondent's mental health diagnosis and her recent "bizarre conduct" and "irrational statements" before and after the child's birth.

At the ensuing hearing, a caseworker testified that respondent stated to her that she was convinced that the child had been switched in utero; a prior child had been removed from her uterus, operated upon, and then returned to her uterus while she slept; she had been operated upon without her knowledge; someone previously performed an abortion on her without her knowledge; and the child's father was involved in a plot to kill her. Other proof included evidence that respondent refused to take medicine for her mental illness. Family Court sustained the neglect petition, and its subsequent dispositional order directed, among other things, that respondent submit to a mental health evaluation by an agency or individual approved by petitioner.

Petitioner subsequently requested that Family Court determine that it was not required to make reasonable efforts to return the child to respondent. Relying upon Family Ct Act § 1039-b, the court granted petitioner's request to cease reasonable efforts at reuniting respondent and the child. Respondent

applied to the court to have a psychologist she had consulted approved as a person to conduct the court-ordered mental health evaluation. The psychologist suggested by respondent had neither a doctorate nor a medical degree and had not been approved by petitioner. Family Court thus denied respondent's motion. Respondent appeals from the various orders.

Respondent argues that the evidence was insufficient to support Family Court's findings of neglect. Factors relevant in determinating whether a finding of derivative neglect is warranted include whether the prior finding "demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in [that parent's] care" (*Matter of Tiffany AA.*, 268 AD2d 818, 819-820 [2000] [internal quotation marks and citation omitted]) and whether that prior finding is so proximate in time that it can "reasonably be concluded that the condition still exists" (*Matter of Hannah UU.*, 300 AD2d 942, 944 [2002], *lv denied* 99 NY2d 509 [2003] [internal quotation marks and citations omitted]). "[W]here . . . respondent's mental condition is the gravamen of the prior finding, 'proof of ongoing mental illness, along with the failure to engage in . . . treatment, which results in a parent's inability to care for his or her children in the foreseeable future, provides a basis for a finding of neglect' " (*id.* at 944, quoting *Matter of Jesse DD.*, 223 AD2d 929, 931-932 [1996], *lv denied* 88 NY2d 803 [1996]). Here, respondent's parental rights had been terminated for two other children within about two years of the hearing on this petition, her mental illness was the ground for one of the determinations, she had been diagnosed as schizophrenic (paranoid type), it was not disputed she had refused medication for her condition, and she manifested conduct during her pregnancy and birth of the child—as related in the testimony of her caseworker—that Family Court characterized as "bizarre and irrational . . . consistent with her severe mental illness." The foregoing affords ample evidence to uphold Family Court's finding of neglect.

The remaining issues raised by respondent do not require a lengthy discussion. Her contention that certain medical records received at the hearing had not been adequately authenticated was not properly preserved by an objection challenging admissibility upon such ground (*see Tamily v General Contr. Corp.*, 270 AD2d 751, 754 [2000]). It was within Family Court's discretion to decline to modify its order and not permit a mental health evaluation by a person who was neither approved by petitioner nor had a terminal degree in the field. Finally, under the facts and circumstances of this case involving prior termina-

tion of parental rights and acute mental health problems, it was not error for Family Court to dispense with the reasonable efforts to reunite petitioner and the child (*see* Family Ct Act § 1039-b [b] [6]; *Matter of Kyle F.,* 14 AD3d 822, 823-824 [2005]).

Crew III, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the orders are affirmed, without costs.