In the Matter of Landon W., a Child Alleged to be Neglected. Chemung County Department of Social Services, Respondent; Rebecca W., Appellant. [826 NYS2d 822]—

Peters, J. Appeal from an order of the Family Court of Chemung County (Hayden, J.), entered May 12, 2005, which,

inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's child to be neglected.

Respondent is the mother of two children, Austin (born in 2002) and Landon (born in 2005). In November 2004, petitioner alleged that respondent and her paramour had abused Austin after Austin was brought to a hospital for treatment of a "suspicious burn on the palm" of his hand and "suspicious abrasions around his neck area and on his lower back." The petition also noted respondent's mental health treatment and contained several allegations with respect to domestic violence inflicted on respondent by the paramour. Respondent reported to her caseworker, at that time, that her paramour was "very rough" with Austin and abusive to her. While initially agreeing to keep her paramour out of the home, she let him return on several occasions. On March 29, 2005, the abuse petition was resolved by respondent's consent to a finding of neglect. In connection therewith, respondent agreed to, among other things, Austin's continued placement with petitioner and her participation in domestic violence, parenting education and individual counseling programs. She further committed to maintain a stable, safe and sanitary home for Austin and notify petitioner of any changes in her household within 48 hours.[1]

On March 1, 2005, before the entry of the March 29, 2005 order, there was a knife fight at respondent's apartment. At that time, she was eight months pregnant with Landon. When her caseworker visited her two days later, she noted that there were few provisions for a newborn child and that the person involved with the knife fight, who appeared to have mental health issues, was still at the apartment. On March 12, there was a break-in to respondent's apartment "from associates that she hangs out with and then doesn't hang with." After it was revealed that these people continue to sleep in respondent's apartment and that the relationship with her new boyfriend, age 19, warranted police intervention on a frequent basis for, among other things, underage drinking, domestic violence and disorderly conduct with the neighbors, petitioner later learned, on its own, that respondent gave birth to Landon on March 31, 2005. Upon locating respondent and the infant on April 6, 2005, petitioner sought and received a temporary order of removal, placing Landon in petitioner's care. On April 7, respondent petitioned for the return of Landon and, on April 8, petitioner commenced this proceeding alleging that Landon was derivatively neglected by respondent.

---

1. Prior to these conditions being specified in the dispositional order, respondent's caseworkers recommended these programs to respondent.

By consent of the parties, Family Court combined both hearings. On April 14, 2005, Family Court found Landon to be derivatively neglected by respondent and, therefore, denied respondent's petition requesting his return. Respondent appeals.[2]

A finding of neglect "must be based on a preponderance of evidence" (Family Ct Act § 1046 [b] [i]), establishing that parental misconduct caused either harm or potential harm to the child (*see Matter of Natasha RR.*, 27 AD3d 788, 789 [2006]). To sustain a finding of derivative neglect, the prior finding must be so proximate in time to the derivative proceeding so as to enable the factfinder to reasonably conclude that the condition still exists (*see Matter of Henry W.*, 30 AD3d 695, 696 [2006]; *Matter of Hunter YY.*, 18 AD3d 899, 900 [2005]) and that the basis for that finding evinces such a fundamental flaw in the respondent's understanding of his or her parental responsibilities as to create a substantial risk of harm for the child in the respondent's care (*see Matter of Henry W., supra* at 696; *Matter of Hunter YY., supra* at 900; *Matter of Tiffany AA.*, 268 AD2d 818, 819-820 [2000]).

Here, the testimony established that respondent violated the prior order in several respects. She failed to notify petitioner of the changes to her household, attend both domestic violence and parental education programs and schedule individual counseling appointments. While it is uncontroverted that respondent's paramour was no longer a part of respondent's life, she was now living with a new boyfriend and socializing with a group of people who created situations requiring police intervention. With the prior finding proximate in time to the derivative proceeding, and testimony supporting the conclusion that respondent failed to address the plethora of issues which led to the prior finding, Family Court concluded that these conditions still exist (*see Matter of Henry W., supra* at 696; *Matter of Hunter YY., supra* at 900). According deference to the court's factual findings upon this record (*see Matter of Evelyn B.*, 30 AD3d 913, 914 [2006], *lv denied* 7 NY3d 713 [2006]), there is no basis to disturb its findings.[3]

Although respondent's challenge to the denial of her applica-

---

**2.** Respondent's notice of appeal gives the incorrect date of the order being appealed. We see this error as harmless since there was a timely notice of appeal and no evidence that the error prejudiced petitioner (*see generally Matter of Leach v Santiago*, 20 AD3d 715, 716 n 1 [2005], *lvs denied* 6 NY3d 702 [2005], 6 NY3d 844 [2006]; *Dalton v City of Saratoga Springs*, 12 AD3d 899, 899 [2004]).

**3.** Although not specifically mentioned in the order of fact finding and disposition, Family Court properly considered evidence of respondent's ir-

tion for the return of her child has been rendered moot by the derivative finding of neglect (*see Matter of Eryck N.*, 17 AD3d 723, 725 [2005]), the appeal of the order of neglect permits us to review the entire record (*see id.*). Upon that review, we find sufficient evidence supporting Family Court's determination that the return of Landon would create an "imminent risk to the child's life or health" (Family Ct Act § 1028 [b]).

Cardona, P.J., Carpinello, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.

responsible prenatal care as probative of the central issue regarding the basis for both the prior and current finding (*see Matter of Kila DD.*, 28 AD3d 805, 806 [2006]).