■ In the Matter of SIDNEY FF., a Child Alleged to be Abused. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RALPH FF., Appellant. (Proceeding No. 1.) In the Matter of PHYLICIA GG. and Others, Children Alleged to be Neglected. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RALPH FF., Appellant. (Proceeding No. 2.) [844 NYS2d 453]—

Rose, J. Appeal from an order of the Family Court of Ulster County (McGinty, J.), entered July 3, 2006, which granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 10, to adjudicate the subject children to be abused and/or neglected.

When an investigation of suspected child abuse revealed that the three-month-old child (born in 2004) of respondent had sustained several unexplained injuries, including rib and skull fractures in different stages of healing, and respondent's explanations of how the injuries had occurred while the child was in his care appeared to be highly unlikely, petitioner commenced these proceedings against him alleging that the child was abused and neglected, and that two other children in his home were derivatively neglected. After a fact-finding hearing, Family Court determined that petitioner had shown a prima facie case of child abuse which respondent had failed to effectively rebut and that petitioner then met its burden of proving both abuse and neglect by a preponderance of the evidence. The court also found the other two children to be derivatively neglected.

On his appeal, respondent primarily contends that petitioner failed to prove that he created a substantial risk of injury to the child, and he argues that Family Court erred in drawing the

inference of abuse permitted in Family Ct Act § 1046 (a) (ii). That section provides that a prima facie case of abuse or neglect is shown through "proof of injuries sustained by a child [which are] of such a nature as would ordinarily not be sustained or exist except by reason of the acts or omissions of the parent or other person responsible for the care of such child" (Family Ct Act § 1046 [a] [ii]). Upon such proof, an inference arises that "the parents . . . responsible for an abused infant at the time the injuries were incurred are responsible for those injuries" (*Matter of Zachary MM.*, 276 AD2d 876, 878 [2000]; *see Matter of Vivian OO.*, 34 AD3d 1111, 1113 [2006], *lv denied* 8 NY3d 808 [2007]; *Matter of Ashley RR.*, 30 AD3d 699, 700 [2006]).

Here, petitioner submitted expert testimony that the child's fractures and other injuries could not have resulted from accidental events. Instead, each expert opined that only a more violent and abusive event could have caused such severe injuries. Because the expert testimony overwhelmingly supports the finding that the child's injuries were of the type which would not ordinarily occur absent some act by the adult responsible for her care and that the child was injured on at least three occasions while respondent admittedly was responsible for her (*see Matter of Zachary MM.*, 276 AD2d at 877), the burden shifted to him to "offer a reasonable explanation" for the injuries (*Matter of Vivian OO.*, 34 AD3d at 1113; *see Matter of Seamus K.*, 33 AD3d 1030, 1031-1032 [2006]). Family Court expressly rejected respondent's attempt to do so, having discredited his testimony and that of his witnesses. According due deference to Family Court's credibility determinations, we find no error in its finding that respondent abused and neglected the child.

We further conclude that Family Court's finding of derivative neglect of the two other children in respondent's home is sufficiently supported by a preponderance of the evidence. "[P]roof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child" (Family Ct Act § 1046 [a] [i]; *see Matter of Ian H.*, 42 AD3d 701, 704 [2007]). Here, not only did Family Court find such abuse, it took judicial notice of an earlier proceeding where respondent was found to have abused his then-four-month-old daughter based upon evidence of multiple fractures and bruising. Under the circumstances, we find no basis to disturb the court's finding that respondent derivatively neglected the other children because his conduct " 'demonstrate[d] such an impaired level of parental judgment as to create a substantial risk of harm for any child in [his] care' " (*Matter of Henry W.*, 30 AD3d 695, 696 [2006], quoting *Matter of Tiffany AA.*, 268 AD2d 818, 819-820

[2000] [internal quotation marks and citation omitted]; *see Matter of Landon W.*, 35 AD3d 1139, 1141 [2006]).

Respondent's remaining arguments have been examined and found to be unpersuasive.

Mercure, J.P., Crew III, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.