*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 3, 2015                    519953
_____

In the Matter of JUSTYCE HH.,
    a Neglected Child.

CLINTON COUNTY DEPARTMENT OF
    SOCIAL SERVICES,                         MEMORANDUM AND ORDER
                    Respondent;

ANDREW II.,
                    Appellant.
_____

Calendar Date:  October 22, 2015

Before:  Peters, P.J., Garry, Rose and Clark, JJ.

                        _____


        Michelle I. Rosien, Philmont, for appellant.

        Ethan D. Bonner, Clinton County Department of Social
Services, Plattsburgh (Ethan D. Bonner of counsel), for
respondent.

        Kathleen R. Insley, Plattsburgh, attorney for the child.

                        _____


Rose, J.

        Appeals (1) from an order of the Family Court of Clinton
County (Lawliss, J.), entered September 8, 2014, which granted
petitioner's application, in a proceeding pursuant to Family Ct
Act articles 10 and 10-A, to continue placement of respondent's
child and modify respondent's visitation rights, and (2) from an
order of protection issued thereon.

        As a result of respondent's conviction on drug-related
charges and his subsequent incarceration, his daughter (born in

2009) was removed from his care.  The child was then adjudicated to be neglected and placed with foster parents, with whom she has resided since January 2014.  Following a permanency hearing, Family Court issued a permanency hearing order in September 2014 that, among other things, continued the placement of the child and modified respondent's visitation rights.  The court also issued an order of protection against respondent.  He now appeals from both orders.

As respondent acknowledges, the order of protection expired by its own terms on March 3, 2015 and is now moot (see e.g. Matter of Dezerea G. [Lisa G.], 97 AD3d 933, 935 [2012]).  To the extent that the September 2014 permanency hearing order limited respondent's visitation and contact with the child, it has also been rendered moot by a subsequent permanency hearing order entered March 16, 2015, which, among other things, significantly modified the visitation provisions in the September 2014 order that respondent challenges on this appeal (see e.g. Matter of Ariel FF., 63 AD3d 1202, 1203 [2009]).  We have examined respondent's remaining contention regarding the propriety of the removal of restrictions on the foster father's care of the child in the September 2014 order and find it to be meritless.

Peters, P.J., Garry and Clark, JJ., concur.


ORDERED that the order entered September 8, 2014 is affirmed, without costs.

ORDERED that the appeal from the order of protection is dismissed, as moot, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court