*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: February 18, 2016          520333
                                                 520334

_____

In the Matter of ALEXISANA PP.,
    Alleged to be a Neglected
    Child.

CLINTON COUNTY DEPARTMENT OF
    SOCIAL SERVICES,                    MEMORANDUM AND ORDER
                    Respondent;

BEVERLY PP.,
                    Appellant.
_____

Calendar Date: January 7, 2016

Before: Peters, P.J., Garry, Rose and Lynch, JJ.

                    _____

        Michelle I. Rosien, Philmont, for appellant.

        Ethan D. Bonner, Clinton County Department of Social
Services, Plattsburgh, for respondent.

        Matthew Douthat, Plattsburgh, attorney for the child.

                    _____

Garry, J.

        Appeals (1) from two orders of the Family Court of Clinton
County (Lawliss, J.), entered September 23, 2014 and October 29,
2014, which, among other things, granted petitioner's
application, in a proceeding pursuant to Family Ct Act article
10, to adjudicate respondent's child to be neglected, (2) from an
order of protection entered thereon, and (3) from an order of
said court, entered December 17, 2014, which, in a proceeding
pursuant to Family Ct Act article 10, granted petitioner's motion

to modify the order of disposition by holding that reasonable efforts to reunite respondent with the subject child were no longer required.

In August 2013, Family Court terminated respondent's parental rights to two of her children (born in 2009 and 2011) upon finding her unable to provide proper and adequate care to those children by reason of mental illness (see Social Services Law § 384-b).[1]  The subject child was born less than one year later.  Petitioner immediately thereafter commenced this neglect proceeding alleging, among other things, imminent risk to the child resulting from respondent's lengthy history of mental illness.  Following a fact-finding hearing, Family Court issued an order in September 2014 finding the child to be neglected and placed her with petitioner.  In October 2014, the court entered a combined disposition and permanency hearing order that continued custody with petitioner, and also executed an order of protection restricting respondent to supervised visitation.  Petitioner then moved pursuant to Family Ct Act § 1039-b to terminate the reasonable efforts to reunite requirement, and the motion was granted in December 2014.  Respondent appeals.[2]

Initially, we are unpersuaded by respondent's contention that the matter should be remitted because Family Court failed to adequately articulate the factual findings supporting its neglect determination in its September 2014 decision.  In rendering the determination, Family Court stated that petitioner had established its factual allegations in specified paragraphs of the detailed petition.  The court listed those paragraphs – excepting some unproven facts from one listed paragraph – and it held that the proven facts constituted neglect.  Although not the

_____

[1]  An older child lived with a relative over 100 miles from respondent, and respondent had not had any contact with that child in four years.

[2]  The appeal from the order of protection is now moot (see Matter of Justyce HH. [Andrew II.], 134 AD3d 1198, 1199 [2015]; Matter of Marcus BB. [David BB.], 129 AD3d 1134, 1135 [2015]).

best practice, this procedure did apprise respondent of the relevant factual findings and, thus, sufficiently complied with the statutory requirement that the court "state the grounds" for its neglect finding (Family Ct Act § 1051 [a]). Moreover, even had the court failed to adequately enunciate the grounds for its neglect finding, we find the record sufficient to allow us to make the findings, such that remittal would not be necessary (see Matter of Aishia O., 284 AD2d 581, 584 [2001]). We further note that the October 2014 order, following the dispositional hearing, included a detailed recitation of facts supporting the neglect determination (see Matter of Child Protective Servs. [Amanda G.], 222 AD2d 503, 504 [1995]).

Respondent next argues that Family Court's findings of neglect are not supported by the record. "To sustain a finding of derivative neglect, the prior finding must be so proximate in time to the derivative proceeding so as to enable the factfinder to reasonably conclude that the condition still exists and that the basis for that finding evinces such a fundamental flaw in the respondent's understanding of his or her parental responsibilities as to create a substantial risk of harm for the child in the respondent's care" (Matter of Landon W., 35 AD3d 1139, 1141 [2006] [citations omitted]; see Matter of Vashaun P., 53 AD3d 712, 713 [2008]). "[W]here . . . respondent's mental condition is the gravamen of the prior finding, 'proof of ongoing mental illness, along with the failure to engage in . . . treatment, which results in a parent's inability to care for his or her child[] in the foreseeable future, provides a basis for a finding of neglect'" (Matter of Hannah UU., 300 AD2d 942, 944 [2002], lv denied 99 NY2d 509 [2003], quoting Matter of Jesse DD., 223 AD2d 929, 931-932 [1996], lv denied 88 NY2d 803 [1996]; accord Matter of Henry W., 30 AD3d 695, 696 [2006]).

Respondent's parental rights had recently been terminated because of her many significant mental health struggles and related issues, which placed those two children in imminent danger of harm. Her mental health issues included, among others, bipolar, adjustment and personality disorders, and she had a history of aggressive behavior, angry outbursts and suicidal ideations. In the earlier termination proceeding, she had

admitted, among many other facts, to leaving those young children in multiple unsafe situations including: unattended in a water-filled bathtub; unattended in a room where they broke a window and injured themselves; unsupervised for such an extended period that they spread feces on the walls, floors and toys; and alone in an apartment where one exited the door onto an open second floor balcony. A psychologist opined that respondent's mental illness rendered her unable to provide adequate care to the children then and for the foreseeable future. At the hearing on the instant petition, there was proof that respondent had not received mental health treatment since the prior termination proceeding and that she believed that all of her mental health issues had been resolved because she had recently started receiving injections for a vitamin B-12 deficiency. Family Court did not find respondent's claims credible and also noted that her in-court demeanor caused it concern for her unaddressed mental health issues. According due deference to Family Court's credibility determinations, the record supports its finding of neglect (see Matter of Angel SS. [Caroline SS.], 129 AD3d 1119, 1121 [2015]; Matter of Corey UU. [Donna UU.], 85 AD3d 1255, 1258 [2011], lv denied 17 NY3d 708 [2011]).

Family Court did not err in granting petitioner's motion to be relieved of making reasonable efforts to return the child to respondent (see Family Ct Act § 1039-b [a], [b]). Petitioner established a statutory ground for such relief (see Family Ct Act § 1039-b [b] [6]) and respondent – whose attorney had been unable to locate her while the motion was pending – failed to submit answering papers; the record does not otherwise reveal a genuine factual issue (see Matter of Harmony P. v Christopher Q., 95 AD3d 1608, 1608-1609 [2012]). Respondent's challenge to Family Court's scheduling order for the combined dispositional and permanency hearing was not preserved for our review and, "[i]n any event, the record demonstrates that [respondent] was afforded a full and fair opportunity to be heard" (Matter of Telsa Z. [Denise Z.], 84 AD3d 1599, 1600 [2011], lv denied 17 NY3d 708 [2011] [internal quotation marks and citation omitted]). Finally, respondent's speculation and second-guessing about her attorney's strategy are insufficient to establish that she did not receive the effective assistance of counsel (see People v

Richards, 78 AD3d 1221, 1225-1226 [2010], lv denied 15 NY3d 955
[2010]; Matter of Elizabeth HH. v Richard II., 75 AD3d 670, 670-
671 [2010]), and our review of the record reveals that she
received meaningful representation (see Matter of Julian P.
[Colleen Q.], 129 AD3d 1222, 1225 [2015]).

Peters, P.J., Rose and Lynch, JJ., concur.


ORDERED that the orders entered September 23, 2014, October
29, 2014 and December 17, 2014 are affirmed, without costs.

ORDERED that the appeal from the order of protection is
dismissed, as moot, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court