*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 29, 2016                    522110
                                                           522737
_____

In the Matter of GABRIELLA UU.,
    Alleged to be a Neglected
    Child.

ULSTER COUNTY DEPARTMENT OF
    SOCIAL SERVICES,                           MEMORANDUM AND ORDER
                    Respondent;

ROBERT UU.,
                    Appellant.
_____

Calendar Date:  November 21, 2016

Before:  McCarthy, J.P., Lynch, Rose, Clark and Aarons, JJ.

_____

        Ted J. Stein, Woodstock, for appellant.

        Daniel Gartenstein, Ulster County Department of Social
Services, Kingston, for respondent.

        Betty J. Potenza, Highland, attorney for the child.

_____

Clark, J.

        Appeals from a decision and an order of the Family Court of
Ulster County (Savona, J.), entered September 11, 2015 and
November 6, 2015, which, among other things, granted petitioner's
application, in a proceeding pursuant to Family Ct Act article
10, to adjudicate the subject child to be neglected.

        Respondent is the father of a daughter (born in 2013).  On
February 5, 2015, the child's mother and respondent took the

child to the emergency room to address swelling in the child's left forearm and a subsequent X ray revealed that the child had sustained a spiral fracture to her radial bone and a mid-shaft fracture to her ulna bone. Petitioner thereafter commenced this Family Ct Act article 10 proceeding against respondent. Following a fact-finding hearing, Family Court issued a written decision concluding that petitioner had proven, by a preponderance of the evidence, that respondent had grabbed the child's left forearm with sufficient force and in such a manner as to cause the fractures and, in a November 6, 2015 order of fact-finding and disposition, adjudged the child to have been neglected by respondent, placed the child in the mother's care and issued an order of protection directing respondent to stay away from the mother and the child, except during visitation. Respondent appealed from both the written decision and the order of fact-finding and disposition.[1]

To establish neglect, a petitioner must demonstrate, by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]), that the child was harmed or placed at risk of harm by the respondent's failure to exercise a minimum degree of care "in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof, . . . or by any other acts of a . . . serious nature requiring the aid of the court" (Family Ct Act § 1012 [f] [i] [B]; see Matter of Izayah J. [Jose I.], 104 AD3d 1107, 1108 [2013]). "[P]roof of injuries sustained by a child or of the condition of a child of such a nature as would ordinarily not be sustained or exist except by reason of the acts or omissions of the [respondent]," along with evidence that the respondent was the caretaker of the child at the time of the injury, shall be prima facie evidence of neglect (Family Ct Act § 1046 [a] [ii]; see Matter of Philip M., 82 NY2d 238, 243

_____

[1]  Inasmuch as an appeal does not lie from a decision of the court (see Family Ct Act § 1112 [a]; Matter of Jesse XX. [Marilyn ZZ.], 69 AD3d 1240, 1242 n [2010]; see also CPLR 5512 [a]; Family Ct Act § 165), respondent's appeal from the decision entered September 11, 2015 must be dismissed.

[1993]; Matter of Sidney FF., 44 AD3d 1121, 1122 [2007]), thereby shifting the burden to the respondent "to rebut the presumption of culpability by offering a reasonable and adequate explanation for how the child sustained the injury" (Matter of Ashlyn Q. [Talia R.], 130 AD3d 1166, 1167 [2015]; see Matter of Steven M. [Stephvon O.], 88 AD3d 1099, 1100-1101 [2011]).

Here, the emergency room physician that attended to the child testified that she observed bruising on the lateral and anterior aspects of the child's left elbow, which appeared to be consistent with being "grabbed by a thumb, a hand grip," and that the fractures occurred at the same time and were caused by either a direct hit to the forearm or a forceful grab, pull and twist of the child's left arm.  She asserted that an accidental fall on an outstretched hand would not have caused both the radial and ulna bones to fracture at the same time and in the manners in which they did and that the possible explanations given by the child's parents were inconsistent with the child's injuries.  The child's mother testified that she noticed the swelling sometime after having left the child alone with respondent, and her estimations of time were consistent with the physician's assessment of when the child had sustained the bruises and fractures.  The mother further testified that respondent had admitted to pulling on the child's arm, and petitioner offered into evidence Facebook messages between respondent and the mother in which respondent acknowledged responsibility for the child's injuries.  The foregoing proof gave rise to the rebuttable presumption that respondent neglected the child (see Matter of Brayden UU. [Amanda UU.], 116 AD3d 1179, 1180 [2014]; Matter of Ameillia RR. [Megan SS.—Jered RR.], 112 AD3d 1083, 1084 [2013]; Matter of Izayah J. [Jose I.], 104 AD3d at 1108-1009), and, as respondent did not present any proof to rebut this presumption,[2] we are satisfied

_____

[2]  We also note that, given respondent's choice not to testify at the fact-finding hearing, Family Court permissibly drew the strongest possible negative inference against him (see Matter of Alexander Z. [Melissa Z.], 129 AD3d 1160, 1163-1164 [2015], lv denied 25 NY3d 914 [2015]; Matter of Heaven H. [Linda H.], 121 AD3d 1199, 1201 [2014]).

that Family Court's finding of neglect is supported by a preponderance of the credible evidence (see Matter of Ashlyn Q. [Talia R.], 130 AD3d at 1167-1169; Matter of Maddesyn K., 63 AD3d 1199, 1200-1202 [2009]).

McCarthy, J.P., Lynch, Rose and Aarons, JJ., concur.

ORDERED that the appeal from the decision entered September 11, 2015 is dismissed, without costs.

ORDERED that the order entered November 6, 2015 is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court