Matter of Nakya SS. (Aziza TT.) (2019 NY Slip Op 04509)





Matter of Nakya SS. (Aziza TT.)


2019 NY Slip Op 04509


Decided on June 6, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 6, 2019

525516

[*1]In the Matter of NAKYA SS., Alleged to be a Neglected Child. SARATOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; AZIZA TT., Appellant.

Calendar Date: April 25, 2019

Before: Lynch, J.P., Clark, Devine, Aarons and Pritzker, JJ.


Susan J. Civic, Saratoga Springs, for appellant.
Stephen M. Dorsey, County Attorney, Ballston Spa (William A. Nowak of counsel), for respondent.
Nicole R. Rodgers, Saratoga Springs, attorney for the child.



MEMORANDUM AND ORDER
Lynch, J.P.
Appeal from an amended order of the Family Court of Saratoga County (Jensen, J.), entered August 18, 2017, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject child to be neglected.
Respondent is the mother of a child (born in 2008). On November 9, 2016, petitioner commenced this neglect proceeding against respondent after she was involuntarily admitted into the mental health unit of a hospital two days before. In the interim, the child was temporarily removed from the household on an emergency basis without a court order (see Family Ct Act § 1024). On November 10, 2016, after respondent's release from the hospital, petitioner agreed to return the child on the condition that respondent obtain a mental health evaluation by an approved agency. After a fact-finding hearing, Family Court found that the child was neglected. The court further determined after a dispositional hearing that placement of the child with petitioner was required. Respondent appeals.[FN1]
We affirm. The record provides a sound and substantial basis for Family Court's determination that respondent's significantly erratic behavior presented a real risk of harm to the [*2]child's physical, mental or emotional well-being (see Family Ct Act § 1012 [f] [i] [B]; Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; Matter of Johnathan Q. [James Q.], 166 AD3d 1417, 1418 [2018]). The court credited the testimony of John Brown, a deputy with the Saratoga County Sheriff's Department, who gave a firsthand account of respondent's behavior that led to her involuntary confinement on November 7, 2016. The record further shows that respondent did not cooperate with petitioner's caseworker. Respondent's own testimony did little to alleviate the court's concern for her bizarre conduct. According due deference to Family Court's credibility assessments, the record supports the neglect finding (see Matter of Alexisana PP. [Beverly PP.], 136 AD3d 1170, 1172 [2016]).
Clark, Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the amended order is affirmed, without costs.



Footnotes

Footnote 1: We recognize that respondent only appealed from the June 2017 order adjudicating the child to be neglected and placing the child with petitioner, and that a further order was issued in August 2017 adding a requirement that visitation be supervised — a condition not challenged on appeal. We exercise our discretion to treat the notice of appeal as valid and having been taken from the superceding August 2017 amended order (see CPLR 5520 [c]; 5512 [a]).