■ In the Matter of DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of DAWN B., Respondent. MARK B., Appellant.—In a child protective proceeding, the father appeals from an order of disposition of the Family Court, Dutchess County (Amodeo, J.), dated March 19, 1990, which, upon a fact-finding order of the same court, dated October 23, 1989, finding, after a hearing, that the child had been sexually abused, *inter alia,* awarded custody of the child to the mother, with supervised visitation to him.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The father asserts that there was insufficient evidence to corroborate the child's statements that her father sexually abused her. Family Court Act § 1046 (a) (vi) provides that, at any hearing, "previous statements made by the child relating to any allegations of abuse or neglect shall be admissible in evidence, but if uncorroborated, such statements shall not be sufficient to make a fact-finding of abuse or neglect". However, the corroboration requirement is flexible since the statute also provides that "[a]ny other evidence tending to support the reliability of the previous statements * * * shall be sufficient corroboration" (Family Ct Act § 1046 [a] [vi]; *see also, Matter of Dutchess County Dept. of Social Servs. [George K.],* 135 AD2d 631; *Matter of Alena D.,* 125 AD2d 753, 754).

In the present case, there was sufficient evidence to corroborate the child's statements of abuse. Firstly, there was medical evidence which established that the child suffered from a vaginal tear and vaginal herpes. The evidence that the child suffered from vaginal herpes was prima facie evidence of abuse. Her father, who also had herpes, failed to offer a satisfactory explanation for how his daughter contracted the virus *(see,* Family Ct Act § 1046 [a] [ii]; *Matter of Jennifer Maria G.,* 112 AD2d 755).

Secondly, there was evidence that when the child was left alone with her father she would "throw a fit" and scream.

Thirdly, at only four years of age the child exhibited knowledge of the male anatomy by drawing an anatomically correct nude male body whom she claimed was "daddy", even though both of her parents stated that she had never seen her father unclothed.

Consequently, the determination of the hearing court was supported by the evidence. Bracken, J. P., Sullivan, Harwood and Pizzuto, JJ., concur.