■ In the Matter of HEATHER U. and Others, Children Alleged to be Neglected. SULLIVAN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MICHAEL X. Appellant, et al., Respondent. [632 NYS2d 285] —Mercure, J. Appeal from an order of the Family Court of Sullivan County (Slobod, J.), entered January 19, 1993, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate Heather U., Christina V. and Michael W. to be neglected children.

Respondent Michael X. (hereinafter respondent) challenges Family Court's determination that he neglected then four-year-old Heather U., the daughter of his live-in girlfriend, by subjecting her to excessive corporal punishment on several occasions during October 1991. We find no merit to the contentions advanced on appeal and accordingly affirm.

We first reject the contention that there was insufficient evidence to prove that respondent was a "person legally responsible for [the] child's care" within the purview of Family Court Act § 1012 (a) and (g). Respondent specifically admitted the allegation of the amended petition that the child "reside[s] with [her mother] and [respondent]" and he stated to an evaluating health professional that he had been living with Heather's mother for approximately three years and had fathered her youngest child. This and other evidence in the record was sufficient to support a finding that respondent was a regular member of Heather's household at all relevant times and that the parties lived together in a family-like setting and, thus, that respondent was a "person legally responsible" (*see, Matter of Faith AA.*, 139 AD2d 22; Besharov, 1993 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1012, 1995 Pocket Part, at 80).

Nor are we persuaded that Heather's out-of-court statements

were not corroborated sufficiently to support Family Court's finding of neglect. Medical evidence that tends to support a child's allegations of physical abuse will constitute evidence sufficient to satisfy the corroboration requirements of Family Court Act § 1046 (a) (vi). In this case, the record is replete with evidence, including photographs and the testimony of school and health professionals, competently establishing the injuries sustained by Heather, thereby corroborating her out-of-court statements concerning the abuse inflicted upon her by respondent (see, Matter of Jessica Y., 206 AD2d 598; Matter of Dutchess County Dept. of Social Servs. [Dawn B.], 185 AD2d 340; Matter of Ely P., 167 AD2d 473).

Cardona, P. J., Crew III, Casey and Spain, JJ., concur. Ordered that the order is affirmed, without costs.