■ In the Matter of BRIAN TT. and Another, Children Alleged to be Neglected. ALBANY COUNTY DEPARTMENT OF SOCIAL SER-

vices, Respondent; Brian UU., Appellant. [668 NYS2d 267] —Carpinello, J. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered January 24, 1996, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's children to be neglected.

Respondent is the father of Brian TT. (born in 1992) and Akeem TT. (born in 1993). Pursuant to a February 1995 temporary order of custody, respondent was given visitation with the children every Friday evening through Monday morning. Following two consecutive weekends of visitation in June 1995, the children were returned to their mother, who observed physical injuries on Akeem consisting of whip marks on his back and a contusion on his forehead. A caseworker employed by petitioner confirmed the existence of these injuries and photographed them.

Respondent's visitation was temporarily suspended by Family Court and a petition alleging that respondent neglected the children was filed. Respondent challenges Family Court's determination following a fact-finding hearing that he neglected the children by permitting Akeem to be subjected to excessive corporal punishment while the children were in his care. We find no merit to the contentions advanced on appeal and accordingly affirm.

We first reject the contention that there was insufficient evidence to prove that respondent was a person legally responsible for his children's care within the purview of Family Court Act § 1012 (a) and (g) when Akeem was harmed. Under the Family Court Act, a " 'Respondent' " is defined as "any parent or other person legally responsible for a child's care who is alleged to have abused or neglected such child" (Family Ct Act § 1012 [a]). Family Court Act § 1012 (g) further defines " 'Person legally responsible' " as "the child's custodian, guardian, [or] any other person responsible for the child's care at the relevant time". Respondent regularly entrusted the children's care to their godfather when he was not around on the weekends. During the weekends in question, the children spent time with both men. Thus, while respondent may not have been with the children at all times during these weekends and may not have personally inflicted the harm upon Akeem, he was no less responsible for their care.

We further reject respondent's claim that the finding of neglect was based "solely" on uncorroborated, out-of-court statements made by Brian. While Brian did reveal to his mother and the caseworker that respondent hit Akeem with a belt, he

also told his mother that his godfather hit Akeem. Regardless of Brian's conflicting statements as to who may have injured Akeem, the finding of neglect was not based on Family Court's determination that respondent himself inflicted the harm; rather, it was based upon the *existence* of such injuries following the weekend visits when he was responsible for their care. Any statement made by Brian that Akeem was actually injured was properly corroborated by photographs of the injuries themselves and the testimony of the children's mother and the caseworker (*see,* Family Ct Act § 1046 [a] [vi]; *Matter of Heather U.,* 220 AD2d 810; *Matter of I. Children,* 191 AD2d 699, *lv denied* 82 NY2d 655; *see also, Matter of Nicole V.,* 71 NY2d 112). Both women observed Akeem's injuries and his mother testified that they were not present when she dropped the children off for visitation.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.