■ In the Matter of MIKAYLA U., and Others, Children Alleged to be Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KATALIN U., Appellant. (Proceeding No. 1.) In the Matter of MIKAYLA U., and Others, Children Alleged to be Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANDREW ZZ., Appellant. (Proceeding No. 2.) [699 NYS2d 145] —Cardona, P. J. Appeals (1) from two orders of the Family Court of Tompkins County (Barrett, J.), entered April 28, 1998 and May 22, 1998, which granted petitioner's application, in proceeding No. 1 pursuant to Family Court Act article 10, to adjudicate the children of respondent Katalin U. to be neglected, and (2) from an order of said court, entered May 22, 1998, which, in proceeding No. 2 pursuant to Family Court Act article 10, *inter alia*, issued an order of protection against respondent Andrew ZZ.

Petitioner commenced these proceedings in January 1998 alleging that Mikayla U. (born in 1993) and her three siblings, Logan (born in 1991), Dakota (born in 1987) and Corbiere (born

in 1984), were neglected children. The petition against respondent Andrew ZZ., the mother's live-in boyfriend, alleged, *inter alia*, that he slept in the same bed with Logan, Corbiere and Dakota, showed pornographic images of adults engaging in sexual acts to Corbiere and Dakota on more than one occasion, discussed his sex life with Dakota, and was on probation having been convicted of endangering the welfare of a child. The petition against respondent Katalin U., the children's biological mother, alleged, *inter alia*, that she allowed the conduct by Andrew ZZ. with the children.

Following a joint fact-finding hearing, Family Court determined all of the children to be neglected by both respondents. Thereafter, on the date scheduled for a dispositional hearing, respondents consented to orders of disposition which, *inter alia*, placed Katalin U. under petitioner's supervision with directions to submit to psychological evaluation and counseling and issued an order of protection barring any contact between Andrew ZZ. and the children until they reach the age of 18. On this appeal, neither respondent contests the adjudications of neglect.

Andrew ZZ. contends that he was not a "person legally responsible" for the care of the children (*see*, Family Ct Act § 1012 [a], [g]) and, therefore, not a proper respondent in the Family Court proceeding. This jurisdictional challenge is unpersuasive inasmuch as the record shows that he acted "as the functional equivalent of a parent in a familial or household setting" (*see, Matter of Yolanda D.*, 88 NY2d 790, 796). Andrew ZZ. was an overnight visitor in the children's household on more than one occasion, frequently tucked the children into bed and stayed with them to talk. The children also stayed overnight on more than one occasion at his home, sometimes without their mother. The oldest child, Corbiere, viewed Andrew ZZ. like a father. We find petitioner's proof sufficient to establish, prima facie, that Andrew ZZ. was a person legally responsible for the children's care, which proof was not rebutted.

Katalin U. contends that Family Court erred by entering a one-year dispositional order upon consent rather than holding an evidentiary hearing as required by Family Court Act §§ 1045, 1047 and 1052 (a). We note that the dispositional order has now expired, rendering this issue moot. We also find that none of the exceptions to mootness apply (*see, Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715). In any event, were we to decide this issue, we would find, under the circumstances here, that Family Court did not commit reversible er-

ror (*see, Matter of Jessica FF.*, 232 AD2d 891; *Matter of Gladys H.*, 206 AD2d 606).

We have considered respondents' remaining contentions and find that they lack merit.

Mikoll, Crew III, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the appeals in proceeding No. 1 are dismissed, without costs. Ordered that the order in proceeding No. 2 is affirmed, without costs.