■ In the Matter of BRANDON OO., A Child Alleged to be Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CLAIRE PP., Appellant. [733 NYS2d 558] —Rose, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered June 2, 2000, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's child to be neglected.

In November 1999, petitioner sought an order adjudicating Brandon OO. (born in 1999) to be neglected by respondent, his biological mother. After the fact-finding hearing, Family Court agreed. Respondent appeals, contending that the evidence presented is insufficient to support Family Court's findings.

Inasmuch as Family Court considered a combination of circumstances that, taken together, establish by a preponderance of the evidence (*see*, Family Ct Act § 1046 [b] [i]) that the child's well-being was in imminent danger of becoming impaired (*see*, Family Ct Act § 1012 [f] [i]), we affirm. Among these is the expert testimony that respondent had been diagnosed with schizoaffective disorder with symptoms including disturbances of her perception and thinking, plus marihuana dependence

---

* Schibuk executed the agreement on behalf of CRP.

and alcohol abuse. Although respondent's psychotic symptoms were under reasonable control at the time of Brandon's birth, the expert could not offer an opinion as to whether she could care for the child. Significantly, the proof here concerning respondent's marihuana abuse during and after her pregnancy is prima facie evidence that the child is neglected (*see,* Family Ct Act § 1046 [a] [iii]), and respondent's prospective and vague testimony that she planned to enter a rehabilitation program falls far short of the regular participation in such a program that is required by the statute (*see, id.*).

Further, respondent's history of founded reports of child abuse filed with the State Central Register of Child Abuse and Maltreatment were properly considered (*see,* Family Ct Act § 1046 [a] [v]), as was testimony that, after the child's birth, respondent remained involved with the father, who was a convicted, untreated sex offender. They saw each other three to four hours each day, respondent regularly welcomed him into her home and he did not seek treatment until after this proceeding was commenced. Although respondent claimed to have a plan to protect the child from the father, she made no specific arrangements for supervised visits prior to the child's birth. The totality of the evidence in this record provides a sound basis for Family Court's finding that the prospect of harm to this newborn child was not a mere speculative possibility, but rather a serious and imminent risk.

We have examined respondent's remaining evidentiary arguments and find them to be without merit.

Cardona, P. J., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.