■ In the Matter of HARMONY S. and Another, Alleged to be Neglected Children. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JAMIE U., Appellant. [802 NYS2d 784]—

Spain, J. Appeals from two orders of the Family Court of Clinton County (Lawliss, J.), entered December 17, 2003 and March 16, 2004, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's children to be neglected.

Respondent is the mother of two children, Harmony (born in 2000) and Paris (born in 2003). Harmony has resided with respondent's mother (the maternal grandmother) since her birth and, in August 2001, respondent consented to a Family Ct Act article 6 order giving the maternal grandmother custody of Harmony. Paris was temporarily taken into protective custody by court order dated September 17, 2003 upon her discharge from the hospital following her birth (see Family Ct Act § 1024), thereafter residing with the maternal grandparents. Petitioner commenced this proceeding seeking an order adjudicating both children to be neglected by respondent pursuant to Family Ct Act § 1012 (f). In December 2003, after a fact-finding hearing, Family Court adjudged that both children were neglected by respondent. Following a dispositional hearing, the court ordered that Harmony be placed in the custody of her maternal grandparents and Paris be placed with her father. Respondent appeals from both orders.

As a threshold matter, respondent contends that she cannot

be the subject of a Family Ct Act article 10 neglect petition with regard to Harmony because the child was in the custody of the maternal grandmother pursuant to the article 6 custody order at the time of the conduct alleged in the petition. However, this issue was not raised in Family Court and, thus, was not preserved for our review (*see Matter of Isaiah O. v Andrea P.*, 287 AD2d 816, 817 [2001]). In any event, the evidence adduced at the fact-finding hearing established that respondent had regular contact with Harmony throughout this period, which included unsupervised and weekend visitations at her apartment and the grandparents' home, during which someone would "check in" on them. Under the circumstances, respondent's parental role in Harmony's life, albeit noncustodial, and her status as the child's biological mother, rendered her a "person legally responsible" for Harmony's care (Family Ct Act § 1012 [a], [g]; *see Matter of Yolanda D.*, 88 NY2d 790, 796 [1996]; *Matter of Rebecca X.*, 18 AD3d 896, 898 [2005], *lv denied* 5 NY3d 707 [2005]; *Matter of Brent HH.*, 309 AD2d 1016, 1017-1018 [2003], *lv denied* 1 NY3d 506 [2004]; *Matter of Heidi CC.*, 270 AD2d 528, 529 [2000]; *see also* Family Ct Act § 1013 [d]; *People v Carroll*, 93 NY2d 564, 568-569 [1999]; *Matter of Nathaniel TT.*, 265 AD2d 611, 612 [1999], *lv denied* 94 NY2d 757 [1999]).

Next, addressing respondent's contentions that there was insufficient proof of neglect, our review of the record reveals that Family Court considered a combination of circumstances which, taken together, establish by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]) that the well-being of the children was in imminent danger of impairment (*see* Family Ct Act § 1012 [f] [i] [B]; *see also Matter of Brandon OO.*, 289 AD2d 721 [2001]). The record reflects, among other things, that respondent is developmentally disabled and suffers from mental health and anger management problems. She refused petitioner's preventative services and failed to follow recommended mental health services in a criminal proceeding. Her history of substance abuse and creating fire and smoke hazards also demonstrates the imminency of the danger posed to the children. With regard to Paris, the testimony of a nurse in the newborn nursery reflected that, in the days after her birth, respondent did not interact with or care for her, was unable to bottle feed her and generally failed to emotionally attach to her.

This evidence, which was not substantially controverted, combined with the adverse inference afforded by respondent's failure to testify (*see Matter of Christine II.*, 13 AD3d 922, 923 [2004]), amply supported Family Court's findings of neglect, including the imminency of the danger of potential impairment

to the children and respondent's inability and failure to exercise the objectively required degree of care to provide proper supervision (*see Nicholson v Scoppetta*, 3 NY3d 357, 368-370 [2004]; *Matter of Brandon OO., supra*). Actual impairment or injury is not required, only imminent—i.e., "near or impending" (*Nicholson v Scoppetta, supra* at 369)—injury or impairment (*see Matter of Markus MM.*, 17 AD3d 747, 748 [2005]). Respondent's other contentions, including her due process deprivation claims, have been reviewed and we find that none warrants disturbing Family Court's orders in any respect.

Mercure, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the orders are affirmed, without costs.