■ In the Matter of KALI-ANN E., a Child Alleged to be Abused and Neglected. WARREN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CONNIE E., Appellant. [810 NYS2d 251]—

Lahtinen, J. Appeals from two orders of the Family Court of Warren County (Breen, J.), entered August 30, 2004 and October 1, 2004, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate

respondent's child to be abused and neglected, and issued an order of protection.

Respondent is the mother of the subject child (born in 1995) and was initially awarded custody in an order entered in Warren County in 1996. In October 2001, the child's father filed a modification petition in Warren County. While that petition was pending, respondent moved to Florida in April 2002 and took the child with her. That same month, Family Court granted the father temporary sole legal and physical custody. In September 2002, the father removed the child from respondent in Florida and immediately brought her to a hospital in Warren County, where she was diagnosed with, among other things, severe malnutrition, dehydration and multiple bruises.

In October 2002, petitioner commenced this proceeding alleging neglect and abuse by respondent occurring both in New York and Florida. Respondent was personally served with the petition while in a Florida jail, where she was being held on charges including criminal neglect of the child. She made a motion to dismiss the petition, asserting that Warren County Family Court did not have jurisdiction over her. The motion was denied and, after respondent pleaded guilty in Florida to one count of child neglect and one count of failure to report child abuse, petitioner moved for summary judgment on the pending neglect petition. Family Court granted the motion. A dispositional hearing in September 2004 resulted in Family Court granting a one-year order of protection. Respondent appeals.*

Respondent, relying upon language contained in Family Ct Act § 1036 (c), contends that petitioner did not have personal jurisdiction over her for acts allegedly committed in Florida at a time when she no longer resided in New York. However, in 2001 New York enacted the Uniform Child Custody Jurisdiction and Enforcement Act (hereinafter UCCJEA), which applies to a variety of proceedings including those for neglect and abuse (*see* Domestic Relations Law § 75-a [4]; Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 75-a, 2006 Pocket Part, at 64). The UCCJEA augments the jurisdictional provisions of the Family Ct Act (*see* Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1036, 2006 Pocket Part, at 38). Here, the

---

* Although the separate appeal from the order of protection is moot since that order has expired, the merits of the neglect finding are nevertheless properly before us because that finding may adversely affect respondent in future matters (*see Matter of Karissa NN.*, 19 AD3d 766, 766 n [2005]; *Matter of Justice T.*, 305 AD2d 1076, 1076-1077 [2003], *lv denied* 100 NY2d 512 [2003]; *Matter of Mikayla U.*, 266 AD2d 747, 748 [1999]).

initial custody determination regarding the child was issued in New York. The father resided in this state at all relevant times. The child also resided in New York, except for the time she was taken to Florida, which was for a period of less than six months. Under such circumstances, this state had continuing jurisdiction, including over acts allegedly occurring in another state (*see* Domestic Relations Law art 5-A, tit II; *cf. Matter of Stanley R.*, 147 AD2d 284, 288-289 [1989]), and the personal service upon respondent satisfied the personal jurisdiction requirements (*see* Domestic Relations Law § 75-g).

We are unpersuaded by respondent's contention that Family Court erred in granting summary judgment finding neglect. Respondent pleaded guilty to the crimes of child neglect and failure to report child abuse. Those crimes were committed with respect to the subject child and involved acts that fell within the general allegations of the petition. Respondent did not dispute that she had a full and fair opportunity to litigate the germane issues in the criminal proceeding. Summary judgment was thus appropriate (*see Matter of Suffolk County Dept. of Social Servs. v James M.*, 83 NY2d 178, 182-183 [1994]; *Matter of Scott JJ.*, 280 AD2d 4, 7-8 [2001]). The remaining arguments have been considered and found unpersuasive.

Cardona, P.J., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order entered August 30, 2004 is affirmed, without costs. Ordered that the appeal from the order entered October 1, 2004 is dismissed, without costs.