In the Matter of JORDAN XX., a Child Alleged to be Abused. SCHOHARIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MICHELLE XX., Appellant. [861 NYS2d 189]—

Mercure, J.P. Appeal from an order of the Family Court of Schoharie County (Bartlett III, J.), entered September 28, 2007, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's child to be abused.

After the subject child (born in 2004) arrived at his day-care facility on December 19, 2006, Linda Holmes, the owner and operator of the facility, noticed bruising and swelling around the area of his genitals when she changed him out of his pajamas and into his daytime clothing. Holmes also heard the child say "ow" and saw him point towards his penis. Holmes, who testified that the injuries were not present on the previous day, then contacted petitioner regarding the child. Based upon the injury to the child's genitals, as well as a number of prior injuries, petitioner commenced this proceeding against respondent, the child's mother, seeking to adjudicate the child to be abused. Following a fact-finding hearing, which included expert testimony that the injuries were not accidental, Family Court sustained the allegations contained within the amended petition. A dispositional hearing was held during which respondent consented to, among other things, the placement of the child with his maternal grandparents, but reserved her right to appeal. Respondent now appeals, arguing that Family Court's finding that she abused the child was not supported by the evidence. We disagree.

A determination of abuse by Family Court must be established by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]; *Matter of Zachary MM.*, 276 AD2d 876, 877 [2000]). A prima facie case of abuse "may be established by evidence . . . (1) [of] an injury to a child which would ordinarily not occur absent an act or omission of respondent[ ], and (2) that respondent[ ] [was] the caretaker[ ] of the child at the time the injury occurred" (*Matter of Philip M.*, 82 NY2d 238, 243 [1993]; *see* Family Ct Act § 1012 [e] [i], [ii]; § 1046 [a] [ii]). Here, as respondent concedes, petitioner established a prima facie case through the testimony of Holmes and the expert physician who examined the child shortly after the injuries were discovered. Thus, "the burden of going forward shift[ed] to respondent[ ] to rebut the

evidence of parental culpability" (*Matter of Philip M.*, 82 NY2d at 244; *see Matter of Ashley RR.*, 30 AD3d 699, 700 [2006]; *Matter of Tanajhia A.*, 283 AD2d 708, 709 [2001]).

A review of the record evinces that respondent's alternative explanations for how the injury might have occurred were both speculative and rejected as implausible by petitioner's expert. Similarly, respondent's assertion that the injuries likely occurred while the child was at his day-care facility is contrary to the testimony of Holmes, which Family Court credited. According deference to Family Court's assessment of respondent's credibility (*see Matter of Zachary MM.*, 276 AD2d at 881), we conclude that a sound and substantial basis exists for the court's determination that the child was abused by respondent (*see Matter of Philip M.*, 82 NY2d at 245-247; *Matter of Sidney FF.*, 44 AD3d 1121, 1122 [2007]; *Matter of Vivian OO.*, 34 AD3d 1111, 1113 [2006], *lv denied* 8 NY3d 808 [2007]).

Spain, Rose, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, without costs.