█ In the Matter of JAMAAL NN. and Another, Children Alleged to be Severely Abused. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; AVERY NN., Respondent-Appellant. [878 NYS2d 205]—

Kane, J. Appeal from an order of the Family Court of Chemung County (Hayden, J.), entered January 15, 2008, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to, among other things, adjudicate respondent's children to be severely abused, and terminated respondent's parental rights.

In September 2006, respondent became frustrated and angry with his paramour's 20-month-old child, shook him and threw him to the floor, resulting in the child's death. In connection with this incident and a previous incident of abuse, respondent was convicted of murder in the second degree, manslaughter in the first degree, manslaughter in the second degree, endangering the welfare of a child and reckless endangerment in the second degree, and received an aggregate sentence of 20 years to life in prison.[1] Petitioner commenced this proceeding alleging derivative and severe abuse of respondent's two children, seeking to terminate his parental rights (see Social Services Law § 384-b [8] [a] [iii]). Family Court granted petitioner's motion for summary judgment on the issue of severe abuse and determined that petitioner was not required to make diligent efforts toward reunification. Following a dispositional hearing, the court terminated respondent's parental rights. Respondent appeals.

Family Court properly granted summary judgment on the is-

---

1. This Court recently affirmed respondent's criminal convictions.

sue of severe abuse. While respondent contends that the court should not have retroactively applied a 2006 amendment to Social Services Law § 384-b (8) (a) (iii), the amendment was appropriately given retroactive effect because it was remedial in nature and merely closed a loophole that existed in the statute (*see Matter of Marino S.*, 100 NY2d 361, 370-371 [2003]). Additionally, the amendment specifically states that it applies to all petitions filed more than 90 days following its August 16, 2006 enactment (*see* L 2006, ch 460, § 4), implying that it applies retroactively to behavior committed prior to the November 14, 2006 effective date as long as the petition is filed after that date. Even though respondent's underlying behavior was committed prior to the amendment's effective date, the amendment was properly applied to this petition filed in February 2007 (*cf. Matter of Marino S.*, 100 NY2d at 370-371).

Petitioner proved by clear and convincing evidence, based upon the undisputed facts, that respondent was a person legally responsible for his paramour's child, as required under Social Services Law § 384-b (8) (a) (iii) (A). The term "[p]erson legally responsible" includes not only guardians and custodians, but "any other person responsible for the child's care at the relevant time" (Family Ct Act § 1012 [g]). This phrase has been interpreted to mean a person who "acts as the functional equivalent of a parent in a familial or household setting" (*Matter of Yolanda D.*, 88 NY2d 790, 796 [1996]). Here, respondent began a romantic relationship with the child's mother in May 2006, visiting often until he began regularly spending the night with the mother and child in July 2006. A neighbor stated that she ate dinner every night with the mother, child and respondent. In a statement to police, respondent called the mother's apartment his "home." Respondent was sometimes left alone with the child and previously disciplined him on several occasions, even when the mother was present. Under the circumstances, Family Court correctly found that respondent was a person legally responsible for the child, thus permitting a finding of severe abuse of his own children (*see* Social Services Law § 384-b [8] [a] [iii] [A]; *Matter of Yolanda D.*, 88 NY2d at 796; *Matter of Harmony S.*, 22 AD3d 972, 973 [2005]; *Matter of Rebecca X.*, 18 AD3d 896, 898 [2005], *lv denied* 5 NY3d 707 [2005]).

Respondent received meaningful representation. Counsel did not contest petitioner's motion for summary judgment on the issue of severe abuse, instead merely requesting a dispositional hearing. This could be a reasonable strategy. Counsel, who also

represented respondent in his criminal case,[2] could have reasonably determined that respondent should not submit an affidavit in response to the motion, lest he make a statement which could negatively affect him in the criminal context. While counsel could have made a legal argument that summary judgment was inappropriate because a factual hearing was required as to whether respondent was a person legally responsible for the child, we have reviewed that legal argument and found the evidence sufficient on that issue. Counsel cannot be deemed ineffective for failing to make a motion or response to a motion that is unlikely to be successful (*cf. People v Caban*, 5 NY3d 143, 152 [2005]).

Mercure, J.P., Peters, Lahtinen and Malone Jr., concur. Ordered that the order is affirmed, without costs.

 ---

2. Respondent had been found guilty after trial and was awaiting sentencing when petitioner filed the instant motion in Family Court.