■ In the Matter of MADDESYN K., a Child Alleged to be Neglected. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; AMANDA M., Respondent. DIANE J. EXOO, as Law Guardian, Appellant. (Proceeding No.1) (And Two Other Related Proceedings.) In the Matter of MADDESYN K., a Child Alleged to be Neglected. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PATRICK L., Respondent. DIANE J. EXOO, as Law Guardian, Appellant. (Proceeding No. 2.) (And Two Other Related Proceedings.) [879 NYS2d 846]—

Spain, J.P. Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered October 11, 2007, which dismissed petitioner's applications, in six proceedings pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.

Respondent Amanda M. is the mother of Cambree M., Maddesyn K. and Abbaghail L. (born in 2002, 2004 and 2006, respectively). Respondent Patrick L. is Abbaghail's father and, during the time period relevant herein, he lived with Amanda and her daughters and participated in the girls' supervision and care. After Maddesyn sustained several serious injuries during the summer of 2006, petitioner commenced these proceedings alleging that respondents had neglected Maddesyn and had derivatively neglected Cambree and Abbaghail. Following a fact-finding hearing, Family Court found that petitioner had not proven neglect by a preponderance of the evidence and dismissed the petitions. On the Law Guardian's appeal, we now reverse.

To establish neglect, "petitioner was required to establish by a preponderance of the evidence that a child's physical, mental or emotional well-being was impaired or at risk of becoming impaired as a result of respondent[s'] failure to exercise a minimum degree of care" (*Matter of Ciara Z.*, 58 AD3d 915, 917-918 [2009]; *see* Family Ct Act § 1012 [f] [i] [B]; § 1046 [b] [i]; *Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]). At the fact-finding hearing, petitioner submitted prima facie evidence of neglect by demonstrating that injuries sustained by Maddesyn during the summer of 2006 were such that would not ordinarily be sustained by a child in the absence of a caretaker's acts or omissions and that the child was within respondents' care at the time (*see* Family Ct Act § 1046 [a] [ii]; *Matter of Philip M.*, 82 NY2d 238, 243 [1993]; *Matter of Jordan XX.*, 53 AD3d 740, 740 [2008]).

Specifically, one of petitioner's caseworkers testified that she observed several marks on Maddesyn, including unusual bilateral bruises on the child's jaw line, which appeared as though someone had grabbed her face. Contrary to Family Court's

conclusion that petitioner failed to prove that Maddesyn was in the sole care and custody of respondents when this injury occurred, respondents admitted to having been responsible for Maddesyn during the relevant time frame. The nonaccidental nature of Maddesyn's bruises was further established by Cambree's statement to a caseworker that "Patrick is sometimes mean to Maddesyn," which the child demonstrated with a choking gesture by placing her hands to her throat and neck. We find that Family Court erred in rejecting this evidence for lack of corroboration. While consistent statements made by Cambree to her mother might be insufficient standing alone (*see Matter of Richard SS.*, 29 AD3d 1118, 1121 [2006]), here Cambree's statements were further corroborated by testimony of the telling location of Maddesyn's bruises (*see Matter of Cobane v Cobane*, 57 AD3d 1320, 1321 [2008]). Further, petitioner established that Maddesyn suffered a number of more serious and unusual injuries of a kind typically occurring as a result of nonaccidental trauma over a short period of time. Specifically, she sustained a subdural hematoma, retinal bleeding and an infarct, which is an area of dead brain tissue. Generally, the medical experts agreed that her injuries were not likely the result of accidental trauma (*see Matter of Seamus K.*, 33 AD3d 1030, 1032 [2006]).

Respondents failed to rebut the prima facie case against them. They neither submitted evidence to establish that these injuries were sustained at a time when respondents were not caring for the child (*see id.* at 1033-1034), nor offered a fully plausible explanation for the injuries (*see id.* at 1033). Indeed, theories that the bruises on Maddesyn's jaw line were caused by a zipper or from falling off a couch were undermined by medical testimony. Likewise, an explanation given for a gash on the child's lip—that she had fallen down the stairs that day—was belied by testimony that the cut had begun to heal and could not have been sustained that day. Although the experts would not commit with absolute certainty that the head injuries had not occurred as a result of one of the explanations offered by respondents (that the child hit her head on the pavement when she had a seizure and fell backward), we find that whereas a single incident might be plausibly explained as the unlikely result of a typical accident, the extent and number of Maddesyn's injuries render it far more probable than not that at least some of Maddesyn's injuries were not caused by the accidents described by respondents.

Accordingly, based upon the totality of the evidence, the lack of any truly plausible benign explanation for the variety of

injuries sustained by Maddesyn, as well as the nature of the injuries, we conclude that petitioner proved neglect by a preponderance of the evidence (see Matter of Jordan XX., 53 AD3d at 741; Matter of Seamus K., 33 AD3d at 1032). In reaching this conclusion, we also hold that respondents derivatively neglected Cambree and Abbaghail. "A finding of derivative neglect may be made where respondent[s'] conduct demonstrates such a flawed understanding of parental duty to protect children from harm so as to create a substantial risk of harm for any child in his or her care" (Matter of Melissa L., 276 AD2d 856, 857 [2000], lv denied 96 NY2d 702 [2001] [citations omitted]; see Matter of Shawn BB., 239 AD2d 678, 680 [1997]). Here, Maddesyn's injuries were the result of conduct—whether acts or omissions (see Family Ct Act § 1046 [a] [ii])—that evinces such flawed parental judgment as to place any child in their care at risk.

In light of our holding, we need not reach petitioner's remaining contentions. The matter must be remitted for a dispositional hearing and, in the interim, all three children shall be placed in petitioner's custody.

Lahtinen, Malone Jr., Stein and Garry, JJ., concur. Ordered that the order is reversed, on the law, without costs, petitions granted, and matter remitted to the Family Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision and, pending such further proceedings, the children shall be placed in the temporary custody of petitioner.