■ In the Matter of ALEXANDRIA X. and Another, Children Alleged to be Abused. SCHOHARIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RONALD X., Appellant. (Proceeding No. 1.) In the Matter of DONAVIN X., a Child Alleged to be Abused. SCHOHARIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RONALD X., Appellant. (Proceeding No. 2.) In the Matter of RONALD A., a Child Alleged to be Abused. SCHOHARIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RONALD X., Appellant. MICHELLE XX., Appellant. (Proceeding No. 3.) [915 NYS2d 716]—

Mercure, J.P. Appeals from two decisions and an order of the Family Court of Schoharie County (Bartlett, III, J.), entered

September 30, 2009, December 11, 2009 and December 15, 2009, which granted petitioner's applications, in three proceedings pursuant to Family Ct Act article 10, to adjudicate the subject children to be abused and/or neglected.

Respondent is the father of three children, born in 2006, 2007 and 2008. Michelle XX. is the mother of respondent's two younger children and she has another child, Jordan XX. (born in 2004), who was adjudicated an abused child in a prior decision (*Matter of Jordan XX.*, 53 AD3d 740 [2008]). After Jordan suffered a serious injury to his eye as a result of a chemical burn, petitioner commenced three proceedings against respondent, alleging that respondent abused Jordan and derivatively abused and neglected his three children. Following a fact-finding hearing, Family Court permitted amendment of the petitions to add allegations that respondent was also responsible for the groin injury to Jordan that formed the basis of the prior finding of abuse against Michelle XX. (*see id.* at 740-741). The court then determined that respondent abused Jordan and derivatively neglected his three children. A consolidated dispositional hearing was held, at the close of which Family Court entered orders of protection in favor of Jordan and respondent's oldest child, and continued the placement of the two younger children in foster care. Respondent now appeals from the order of fact-finding.[*]

The sole issue raised by respondent on appeal is whether Family Court erred in determining that he was a "person legally responsible" for Jordan's care within the meaning of Family Ct Act § 1012 (g). That statute states that a person is legally responsible for the child if he or she is a "custodian, guardian, [or] any other person responsible for the child's care at the relevant time . . . includ[ing] any person continually or at regular intervals found in the same household as the child when the conduct of such person causes or contributes to the abuse" (Family Ct Act § 1012 [g]). The statute was "intended to be construed broadly so as to include paramours or other nonparental persons who perform childcare duties which correspond with the traditional parent/child relationships" (*Matter of Nathaniel TT.*, 265 AD2d 611, 612 [1999], *lv denied* 94 NY2d 757 [1999];

---

[*] Respondent's appeals from Family Court's decisions issued after the fact-finding and dispositional hearings must be dismissed inasmuch as decisions are not appealable papers (*see* CPLR 5512 [a]; *Matter of Palmer v Palmer*, 284 AD2d 612, 613 [2001]). Nevertheless, we note that respondent's argument is properly before us on his appeal from the fact-finding order. Michelle XX. also evidently appealed from a December 2009 decision that found that she had derivatively neglected the youngest child, but she neglected to file a brief and, therefore, has abandoned her appeal (*see* McSparron v McSparron, 209 AD2d 835, 838 [1994], *mod on other grounds* 87 NY2d 275 [1995]).

*see Matter of Jamaal NN.,* 61 AD3d 1056, 1057 [2009], *lv denied* 12 NY3d 711 [2009]). While Family Ct Act § 1012 (g) "should not be construed to include persons who assume fleeting . . . care of a child such as a supervisor of a play-date or an overnight visitor," it does include an individual who "act[s] as the functional equivalent of a parent even though that person assumes [only] temporary care or custody of a child," such as a "paramour [who] has no intention of caring for the child on a permanent basis" (*Matter of Yolanda D.,* 88 NY2d 790, 796 [1996]).

Here, respondent and Michelle XX. initially told caseworkers that they had no romantic relationship and claimed that respondent was merely her mechanic; ultimately, however, they admitted that they were romantically involved and that Michelle XX. was pregnant with respondent's child at the time that Jordan sustained his injuries. Further, although respondent first claimed that he had no relationship with Jordan, he proceeded to testify that he saw Michelle XX. and Jordan every day, treated Jordan like a son because Jordan's father was never present, and took Jordan shopping. Respondent acknowledged that he helped put Jordan to bed on the night that he sustained his eye injury, set up a vaporizer in Jordan's room and put the Vick's medicine on the machine that purportedly caused the injury. Respondent further testified that when the injury occurred, he called poison control to receive instructions for treating Jordan, helped rinse out the child's eye, and drove Michelle XX. and Jordan to the hospital for medical treatment. Finally, although Michelle XX. denied ever leaving Jordan alone with respondent, the child's aunt indicated that Michelle XX. left respondent alone with Jordan while she went to a convenience store on the night that the child was injured.

Under these circumstances, a sound and substantial basis supports Family Court's conclusion that respondent "act[ed] as the functional equivalent of a parent in a familial or household setting" (*id.*). Accordingly, respondent was a "person legally responsible" for Jordan's care within the meaning of Family Ct Act § 1012 (g), and a proper respondent to these proceedings (*see Matter of Jamaal NN.,* 61 AD3d at 1057; *Matter of Mikayla U.,* 266 AD2d 747, 748 [1999]; *see also Matter of Heather U.,* 220 AD2d 810, 810 [1995]; *cf. Matter of Brent HH.,* 309 AD2d 1016, 1017-1018 [2003], *lv denied* 1 NY3d 506 [2004]).

Rose, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the appeals from the decisions entered September 30, 2009 and December 11, 2009 are dismissed, without costs. Ordered that the order entered December 15, 2009 is affirmed, without costs.