Malone Jr., J.
Petitioner commenced this Family Ct Act article 10 proceeding in July 2009 alleging that respondent had severely abused, abused and/or neglected her daughter (born in 1999) and derivatively severely abused, abused and/or neglected her son (born in 2004) by subjecting her daughter to sexual abuse.[1] Following a fact-finding hearing that continued over the course of eight months, respondent unsuccessfully moved to dismiss the petition in July 2010 and, in December 2010, Family Court (Assini, J.) adjudicated the daughter to be abused and neglected and the son to be derivatively abused and neglected. At the outset of an ensuing dispositional hearing, the issue of the children’s custody was resolved by a stipulation between respondent and the children’s father, which was entered in the context of a Family Ct Act article 6 custody proceeding that had been initiated by the father. Pursuant to that order, respondent and the children’s father agreed to share joint legal custody, with primary physical custody to the father, and respondent agreed to have supervised visitation with the children “as the parties may mutually and reasonably agree and consistent with *926 any outstanding [a]rticle 10 orders pertaining to the minor children.” At the conclusion of the dispositional hearing, Family Court (Powers, J.) issued an order placing respondent under petitioner’s supervision for a period of one year and imposing orders of protection and supervision that restricted respondent’s contact with the children to supervised visitation where and when directed to do so by petitioner. Respondent appeals from the fact-finding and dispositional orders.[2]
Contrary to respondent’s contention, petitioner satisfied its burden of proving respondent’s abuse and neglect of her daughter by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]). Petitioner offered the testimony of both a physician and a sexual abuse nurse examiner who each examined the child, as well as the child’s medical records and photographic evidence of the child’s injuries. Through this evidence it was established that there was bleeding and significant trauma to the child’s genital area and thighs that was not consistent with accidental injury but, rather, was consistent with sexual abuse, namely, multiple attempts to penetrate the child’s vagina and anus. The proof also established that although respondent was aware of the child’s complaints about pain and discomfort in her genital area and was advised by school personnel to immediately take the child to a doctor, respondent did not promptly seek medical attention for the child. In addition, petitioner’s proof established that during the 48-hour period in which the medical experts opined that the injuries likely had been inflicted upon the child, the child was at all times in respondent’s care (see Matter of Alexander F. [Raddad I.], 82 AD3d 1514, 1515 [2011]; Matter of Jordan XX., 53 AD3d 740, 740 [2008]). In light of this evidence, the burden shifted to respondent “ ‘to offer a reasonable and adequate explanation of how the child sustained the injury’ ” (Matter of Alexander F. [Raddad I.], 82 AD3d at 1516, quoting Matter of Brooke OO. [Lawrence OO.], 74 AD3d 1429, 1430 [2010], lv denied 15 NY3d 706 [2010]; see Matter of Philip M., 82 NY2d 238, 244-245 [1993]).
In that regard, respondent presented the testimony of a physician, who did not examine the child but who had viewed the photographs of her injuries and had reviewed the notes of the examining physician. The physician testified that, while he could not rule out sexual abuse or sexual contact as the cause of the injuries, it was possible that the injuries could have been caused *927 by either nonsexual blunt force trauma or a bacterial infection, or some combination of both. Notably, respondent testified on her own behalf and offered no explanation for the child’s injuries.
On this record, according deference to the credibility determinations of Family Court (Assini, J.), respondent failed to rebut the presumption of parental culpability (see Matter of Alexander F. [Raddad I.], 82 AD3d at 1517; Matter of Jordan XX., 53 AD3d at 741), and the court’s finding of abuse and neglect as to respondent’s daughter is supported by a sound and substantial basis. In addition, because the evidence of respondent’s sexual abuse and neglect of her daughter “demonstrate^] such an impaired level of parental judgment as to create a substantial risk of harm for any child in [her] care,” we find no basis upon which to disturb the court’s determination that she derivatively abused and neglected her son (Matter of Branden P. [Corey P.], 90 AD3d 1186, 1189 [2011] [internal quotation marks and citations omitted]; see Matter of Marino S., 100 NY2d 361, 374-375 [2003], cert denied 540 US 1059 [2003]).
Finally, respondent challenges certain provisions in the orders of protection and supervision that restricted her contact with the children. However, inasmuch as those orders have expired by their terms, as has respondent’s period of supervision by petitioner, her challenges thereto are moot (see Matter of Justin CC. [George CC. — Tina CC.], 86 AD3d 725, 726 [2011]; compare Matter of Steven M. [Stephvon O.], 88 AD3d 1099, 1101 n 3 [2011]). In any event, we are not persuaded that Family Court (Powers, J.) delegated its responsibility to make a best interests determination to petitioner. The record reflects that, after considering all of the evidence, the court determined that supervised visitation with respondent would be in the children’s best interests, despite the fact that petitioner advocated, on the recommendation of a psychologist, against respondent having any contact with the children at all.
Peters, PJ., Lahtinen, Stein and Garry, JJ., concur. Ordered that the orders are affirmed, without costs.

. It is noted in the record that respondent and her children are all developmentally delayed by various degrees of mental retardation and that respondent has a lengthy history of involvement with the social services departments in both Saratoga and Schenectady Counties.

. Respondent also appealed from the order denying her motion to dismiss the petition. However, inasmuch as respondent makes no argument with respect to such order in her brief, her appeal from that order is deemed abandoned (see Vitvitsky v Heim, 52 AD3d 1103, 1104 n [2008]).