The evidence supports the court’s findings that appellant, who had a seven-year relationship with the child’s mother, was a person legally responsible for the subject child within the meaning of Family Court Act § 1012 (g). There was evidence that appellant had described himself as the child’s stepfather, picked the child up from school and engaged in activities with him. Although he only admitted to staying overnight on three to four occasions and claimed to have another primary residence, there was evidence that he actually lived in the apartment with the mother and child, at least on a part-time basis, and other evidence permitting “ ‘an inference of substantial familiarity’ between the child[ ] and respondent” (Matter of Keoni Daquan A. [Brandon W. — April A.], 91 AD3d 414, 415 [1st Dept 2012]; Matter of Christopher W., 299 AD2d 268 [1st Dept 2002]; see also Matter of Mikayla U., 266 AD2d 747 [3d Dept 1999]). We find no reason to set aside the court’s credibility determinations, and its findings must be accorded deference (see Matter of Irene O., 38 NY2d 776, 777 [1975]; see also Matter of Nasir J., 35 AD3d 299 [1st Dept 2006]).
A preponderance of the evidence supports the court’s finding that appellant neglected the child by illegally keeping a loaded semi-automatic gun, which he explained was already in the one-room apartment when “they” moved in, in a plastic bin near where the child slept (see Matter of Leah M. [Anthony M.], 81 AD3d 434 [1st Dept 2011]).
Appellant’s argument that the court’s assistance in the instant matter was unnecessary under all the circumstances, has not been preserved for review. Were we to consider his claim, we would reject it on the merits since the court’s assistance was *525 necessary in light of the child’s desire to continue seeing the appellant and the need to continue monitoring his compliance with an order of protection issued in connection with resolution of the neglect case against the mother (see Matter of Mary Kate VV., 59 AD3d 873, 874-875 [3d Dept 2009], lv denied 12 NY3d 711 [2009]). Concur — Mazzarelli, J.P., Friedman, Renwick, Moskowitz and Richter, JJ.