Garry, J.
Appeal from an order of the Family Court of Otsego County (Lambert, J.), entered June 3, 2013, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondents’ child to be neglected.
Respondent Miranda W (hereinafter respondent) and respondent Cory Y. (hereinafter the father) are the unmarried parents of a child (born in 2010). Since the child’s birth, he has lived with the maternal grandmother, who obtained custody of him in September 2011. In April 2012, petitioner commenced this neglect proceeding against respondent and the father based upon allegations of, among other things, unsuitable living conditions, incidents of domestic abuse, and drug use by the father. The father subsequently admitted that he had engaged in a physical altercation with respondent in front of the child, as part of an agreement by which he received an adjournment in contemplation of dismissal. Following a fact-finding hearing, Family Court concluded that respondent had neglected the child. Respondent and the father consented to the continuation of custody with the maternal grandmother for one year. Respondent appeals from the court’s order of fact-finding and disposition, and we affirm.
Initially, respondent contends that she is not a proper respondent to this proceeding, as the maternal grandmother has always been the child’s primary caretaker. We disagree. As the child’s biological mother, she meets the statutory requirement that a respondent in a Family Ct Act article 10 proceeding be either a “parent or other person legally responsible for a child’s care” (Family Ct Act § 1012 [a] [emphasis added]). She is thus a proper party, without regard to whether she was also a “ ‘[p]erson legally responsible’ ” for the child’s care at the pertinent time (Family Ct Act § 1012 [g]; see Matter of Erica B. [Quentin B.], 79 AD3d 415, 415 [2010], lv denied 16 NY3d 703 [2011]; see also Family Ct Act § 1013 [d]).*
*1013 In a neglect proceeding, the petitioner bears the burden of establishing, “by a preponderance of the evidence, that the child[ ]’s physical, mental or emotional condition was harmed or is in imminent danger of such harm as the result of the parent’s failure to exercise a minimum degree of care” (Matter of Daniel X. [Monica X.], 114 AD3d 1059, 1060 [2014] [internal quotation marks and citation omitted]; see Family Ct Act §§ 1012 [f] [i]; 1046 [b] [i]; Matter of Josephine BB. [Rosetta BB.], 114 AD3d 1096, 1097 [2014]). In determining whether a parent has failed to exercise the requisite degree of care, we evaluate whether “a reasonable and prudent parent [would] have so acted, or failed to act, under the circumstances then and there existing” (Nicholson v Scoppetta, 3 NY3d 357, 370 [2004]; see Matter of Afton C. [James C.], 17 NY3d 1, 9 [2011]).
Based upon the record before us, we agree with Family Court that petitioner met this burden and established the relevant allegations of the petition by a preponderance of the evidence. Respondent’s half brother testified that, in March 2012, he visited respondent’s home and took numerous photographs, which were admitted into evidence at the fact-finding hearing. The half brother testified that, as illustrated in the photographs, respondent’s home was a “mess,” and was unsafe given the presence of cluttered piles of clothing and other objects, including numerous cigarette butts, animal feces in the living room near the child’s toys, and multiple spoons covered with a “chalky, powdery type substance,” the majority of which were located in the bathroom. The father testified at the fact-finding hearing that he had a longstanding history of drug and alcohol abuse that allegedly ended in mid-2012, when he entered a rehabilitation program. The father acknowledged that ongoing domestic violence had continued throughout his relationship with respondent, including a physical altercation in December 2010 and an incident in November 2011, both of which occurred in the child’s presence. The father stated that he had been arrested for harming respondent on several occasions.
Documents in the record described a January 2012 incident in which respondent threw an object at the father and he threw it back. In the course of this altercation, respondent ruptured her spleen and was required to undergo surgery. Following this incident, respondent returned to living with the father. The maternal grandmother testified that respondent “more or less” resided with the father after the child’s birth and that the child spent almost every weekend with them. The maternal grandmother stated that respondent told her about incidents of domestic violence that occurred between respondent and the father *1014 “about every month” both before and after the child’s birth. The grandmother stated that she encouraged respondent to leave the father, but respondent refused to do so, stating that she was not always the victim of domestic violence and, instead, was “giving it back to [the father].”
Viewed cumulatively, the evidence of the condition of respondent’s home (see Matter of Draven I. [Jenlyn I.], 86 AD3d 746, 747-748 [2011]), her decision to permit the child to stay with her and the father on weekends despite the fact that she knew or should have known about his ongoing drug use (see Matter of Taliya G. [Jeannie M.], 67 AD3d 546, 546 [2009]) and her participation in mutual incidents of domestic violence (see Matter of Anthony FF. [Lisa GG.], 105 AD3d 1273, 1274 [2013]; Matter of Xavier II., 58 AD3d 898, 900 [2009]), coupled with the strong adverse inference permitted by her decision not to testify (see Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 79 [1995]; Matter of Stevie R. [Arvin R.], 97 AD3d 906, 907 [2012]), amply support Family Court’s finding of neglect (see Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]).
Peters, EJ., Lahtinen, Rose and Devine, JJ., concur.
Ordered that the order is affirmed, without costs.

 The record evidence would also support a finding that respondent, who regularly exercised unsupervised parenting time with the child, qualified as a “person legally responsible” for the child (see Matter of Brian TT., 246 AD2d 826, 827 [1998]; see also Matter of Harmony S., 22 AD3d 972, 973 [2005]).