In the Matter of I-Conscious R. and Another, Children Alleged to be Abused. George S., Also Known as I-Sun A., Ap-

pellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [995 NYS2d 27]—

Order of fact-finding, Family Court, New York County (Susan K. Knipps, J.), entered on or about October 22, 2009, which determined, after a hearing, that respondent father abused and neglected his daughter and derivatively abused and neglected his son, unanimously affirmed, without costs. Appeal from order of protection, same court and Judge, entered on or about March 19, 2010, unanimously dismissed, without costs, as abandoned.

Initially, we strike those portions of respondent's brief that cite to evidence from the Family Court Act § 1028 hearing, since he failed to introduce that evidence and establish its admissibility at the fact-finding hearing (*Matter of Raymond J.*, 224 AD2d 337 [1st Dept 1996]).

Petitioner proved by a preponderance of the evidence that respondent abused his daughter (*see* Family Ct Act § 1012 [e] [iii]; Penal Law §§ 130.35, 130.65). Medical evidence and testimony established that the six-year-old child suffered from genital herpes and that in such a young child this is highly indicative of sexual abuse. This evidence, coupled with evidence that respondent was her primary caretaker, establishes prima facie that respondent abused the child (*Matter of Philip M.*, 82 NY2d 238, 243 [1993]; Family Ct Act § 1046 [a] [ii]). This evidence also corroborates the child's out-of-court statements that respondent sexually abused her (Family Ct Act § 1046 [a] [vi]; *Matter of David L. Jr. [David L.]*, 118 AD3d 468 [1st Dept 2014]; *see also Matter of Dutchess County Dept. of Social Servs. [Mark B.]*, 185 AD2d 340, 341 [2d Dept 1992]).

Contrary to respondent's assertions, the child's initial disclosure, to her pediatrician, that respondent abused her was not the product of an unduly suggestive interview. As even respondent's expert acknowledged, the pediatrician asked appropriate questions, including whether anyone had touched the daughter inappropriately and, after she answered affirmatively, who had done so; even when he asked yes or no questions, the child was able to answer no. The reliability of the disclosure is reinforced by evidence that when a social worker used the word "snuggle" in connection with her stuffed animals, the child had a strong negative reaction and said that respondent used the same word during the abuse.

Respondent failed to rebut petitioner's case with any credible explanation for his daughter's condition, including through the testimony of his expert witness, Dr. David. Family Court's credibility findings, including that Dr. David appeared not to be a neutral expert, are entitled to deference. The court properly rejected Dr. David's theory of non-sexual transmission of the genital herpes virus to the daughter from a washcloth, since even Dr. David admitted that he had never seen such a case. Dr. David's conclusion that there was insufficient evidence of sexual abuse was based entirely on his contention that the child's disclosure of abuse to her pediatrician was the product of an unduly suggestive interview and his mistaken belief that the child had made no similar disclosures to other therapists.

The court's finding of neglect is also supported by a preponderance of the evidence (see Family Ct Act § 1012 [f] [i] [B]; Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]). After being turned away by several doctors for lack of health insurance, respondent failed to take his daughter to the emergency room, notwithstanding that she had been complaining for at least several days of itching and pain during urination, and was suffering from visible lesions. He gave no adequate explanation for his failure to obtain prompt medical attention for the child.

Based on the above evidence, the court's finding of derivative neglect is supported by a preponderance of the evidence (see e.g. Matter of Loraida R. [Lori S.], 97 AD3d 925, 927 [3d Dept 2012]).

Respondent failed to establish that he received ineffective assistance of counsel (see Matter of Asia Sabrina N. [Olu N.], 117 AD3d 543 [1st Dept 2014]; Matter of Devin M. [Margaret W.], 119 AD3d 435, 437 [1st Dept 2014]). In particular, contrary to respondent's assertion, counsel's failure to object or seek any remedy for the admission into evidence of the pediatrician's records of the child's disclosure is not deficient representation. Those medical records are admissible (Family Ct Act § 1046 [a] [iv]). Concur—Mazzarelli, J.P., Acosta, DeGrasse and Manzanet-Daniels, JJ.