Matter of Kyeley V. (Antoinette V.) (2018 NY Slip Op 02427)





Matter of Kyeley V. (Antoinette V.)


2018 NY Slip Op 02427


Decided on April 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2018

Renwick, J.P., Mazzarelli, Kahn, Gesmer, Kern, JJ.


6238

[*1]In re Kyeley V., and Another, Children Under the Age of Eighteen Years, etc., Antoinette V., Respondent-Appellant, The Administration for Children's Services, Petitioner-Respondent.


Steven N. Feinman, White Plains, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Jason Anton of counsel), for respondent.
Dawne Mitchell, The Legal Aid Society, New York (Susan Clement of counsel), attorney for the children.



Order of fact-finding, Family Court, New York County (Emily M. Olshanksy, J.), entered on or about April 6, 2017, which determined, after a hearing, that respondent mother neglected the subject older child by, inter alia, failing to provide adequate medical care and an adequate education, and derivatively neglecting the subject younger child, unanimously affirmed, without costs.
A preponderance of the evidence supports the finding of medical neglect in that the mother failed to keep current on physical examinations and immunizations; delayed seeking initial treatment and failed to obtain recommended neurological testing and physical therapy for the older child's debilitating foot condition, which doctors suspected may have stemmed from an underlying neurological disorder and which kept her in chronic pain and unable to walk flat on her feet. The mother also failed to timely authorize the maternal grandmother to obtain medical treatment for the children, during the several months she left them in her care, while she sought to relocate to another state (see e.g. Matter of Angelise L. [Hunter L.], 149 AD3d 469 [1st Dept 2017]; Matter of Sahairah J. [Rosemarie R.], 135 AD3d 452 [1st Dept 2016]; Matter of I-Conscious R. [George S.], 121 AD3d 566 [1st Dept 2014], appeal dismissed 24 NY3d 1205 [2015]).
A preponderance of the evidence also supports the finding of educational neglect in that the mother failed to ensure that the older child attended school regularly and on time, which resulted in noted educational delays, including an inability to read, half-way through the first grade (see Matter of Aliyah B. [Denise J.], 87 AD3d 943 [1st Dept 2011]; Matter of Annalize P. [Angie D.], 78 AD3d 413, 414 [1st Dept 2010]).
Moreover, the mother's prolonged failure to properly address this child's significant medical and educational needs supported the finding of derivative neglect as to the younger child, a four-year-old child with her own extensive medical needs, untreated severe eczema and asthma, who likewise was at risk of
impairment of her physical and emotional health (see e.g. Matter of Dayshaun W. [Jasmine G.], 133 AD3d 1347 [4th Dept 2015]; Matter of Danny R., 60 AD3d 450 [1st Dept 2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 10, 2018
CLERK